Mr. Justice CLIFFORD,
reciting the facts, delivered the opinion of the court to the following effect :
Claimant assumes that the entry in the minutes of the fifth of June, 1857, is the final decree, and consequently that the appeal was too late. But the proposition cannot be sustained, as is evident from inspection of the record. Entry is that a decree was ordered to be entered up in conformity to such opinion. No decree of any kind, however, was drawn up, entered, or filed on that day. On the contrary, the record shows that on the seventh of January, L858, a *700 decree was filed in the case, and the decree itself, after referring to the fact that the claim had been confirmed on the fifth of June, 1857, states, that “ having been omitted to sign and enter a decree therefor at the date last aforesaid, it is ordered that the same be done now for then.” Donee was not satisfied with the decree as thus filed, which was for three square leagues, and on the fourth of February, 1858, obtained leave to amend it by substituting another. Pursuant to that leave, on the following day he filed a new decree, enlarging the description to four square leagues, and the same was entered and signed by the district judge. Argument can add nothing to the force of this statement, as drawn from the record. Plainly there was no decree of any kind in the ease until the seventh of January, 1858, and as that was ordered to be amended by substituting another, the final decree in the case was that of the fifth of February following. Five years, therefore, had not elapsed after the decree was entered before the appeal was taken, and the first ground assumed in the motion fails.
H. Want of citatiori is the second ground of the motion. Final decree was rendered on the fifth of February, 1858, but on the twenty-first day of March, 1861, the court entered a decree that all proceedings heretofore had in the cause be set aside,' and that it be put on the calendar and set for trial, de novo, according to law. Transcript shows that the order vacating the decree was passed upon the ground that the decree had been fraudulently obtained. [His honor here re-: ferred to the particulars as set forth in the order of Ogier, J., ante, p. 692, and to the proceedings in United States v. Gomez, 23 Howard, 326.] Delay ensued, and in the meantime a new appointment of district judge was made. Application was then made by the claimant to set aside the order vacating the original decree, and at the J une Term, 1862, held on the fourth of August of the same year, the court ordered that the previous order, made and entered on the twenty-first of March, 18Ó1, setting aside all proceedings had in the cause, and placing the same on the calendar for trial de novo, be and the same is hereby vacated and set aside. United States, *701 on the twenty-fifth of August, in the same year, took the appeal which is under consideration. Appeal wa? taken in open court, and at the same term in which the order was passed restoring the original decree, or rather vacating the order of the twenty-first of March, 1861, setting it aside and placing the cause on the calendar for trial.' Appeal, it is true, purports to he from the decision and decree of the court confirming the claim, hut it was taken from that decree not only after it had been vacated, but after the decree directing it to be vacated had itself been stricken out, and the original decree had been restored. Admitting that the order restoring the original decree was one of any validity, then indeed no citation was necessary, because the appeal was taken in open court, and might well be regarded as taken at the same term in which the decree was entered. But it is unnecessary to place the decision entirely upon that ground. Granting that the appeal is from the original decree, and that the question is wholly unaffected by the subsequent orders, still it is quite clear that no citation was necessary in this case. Claimant at once signified his intention to move the court to set aside the order granting the appeal, and thereupon it was stipulated and agreed between the parties that all further proceedings should be stayed until the next term of the court. Notice in writing was accordingly given by the claimant that he would submit such a motion at the next term at the opening of the court. He did submit it, and the parties were heard, and the court gave an opinion sustaining the motion. Petition for an injunction was after-wards filed to prevent the appeal, and the parties were heard upon that subject, but the injunction was denied. Object of the citation is notice, and under the circumstances of this case that purpose seems to have been fully answered, and the objection is accordingly overruled.
HP. Third ground of the motion is that the transcript is incomplete, and that the same is not duly certified. The certificate in this case is certainly made by an officer authorized by law to make it, and we are not able to perceive that it is defective. Bemedy of appellee, if the transcript is *702 incomplete, is a plain one and one of daily use. He should suggest diminution, and ask for a certiorari, which is readily granted when applied for in season.
In view of the whole case, our conclusion is that the motion to dismiss the appeal must be overruled. Effect of the motion, if granted, would be to leave the decree below in full force and unreversed, which is a result that at present we are not prepared to sanction. When the cause comes up upon the merits, we shall desire to hear the counsel upon the question whether there is any valid decree in the case, and if not, as to what will be the proper directions to be given in the cause. Those questions are not involved in the motion to dismiss, but they will arise when the merits of the case are examined, and will deserve very careful consideration.
Motion refused.