REILLY *v.* GOLDING.

1. By the practice of the courts of Louisiana, a practice which has been adopted in the Circuit Court in that district, the mode of proceeding in an attachment suit against a surety on a forthcoming bond given to obtain a release of property attached, is by rule to show cause; and this proceeding being merely incidental to the original suit, a jurisdiction existing in such suit will not cease, because the parties to the *rule* are citizens of the same State.

2. Especially is this true where the defendant in the rule has appeared and answered on merits, and the case has gone to judgment.

3. A judgment affirmed where there was no finding of facts in the case.

ERROR to the Circuit Court for the District of Louisiana.

Golding, a citizen of Louisiana, brought suit against Milne & Co., of Mississippi, to recover a certain sum due for machinery furnished the last-named parties. The suit was commenced by an attachment against the property of the defendants, situate within the former State, and then in possession of the factors of the defendants, Bradly & Co. Bradly & Co. intervened, and obtained the redelivery of the property to them on executing a forthcoming bond, one Reilly being the surety. Afterwards the defendants, Milne & Co., appeared and removed the cause to the Circuit Court of the United States, and put in an answer to the suit. Judgment was subsequently rendered in favor of the plaintiff against

the defendants for the amount claimed, and execution issued, which was returned unsatisfied. Afterwards judgment was rendered against the intervenors by default, dismissing the proceedings with costs, reserving the plaintiff's right under the forthcoming bond. Subsequently a rule was entered against Reilly, the surety upon the forthcoming bond, to show cause why he should not be condemned to pay the debt of the plaintiff according to the condition of the bond. Reilly appeared, and excepted to the jurisdiction of the court, on the ground that the proceedings to enforce payment of the bond was a new suit, and the plaintiff and defendant were both citizens of Louisiana. The court overruled these objections. Reilly then put in an answer to the rule on the merits, after hearing which the court below gave judgment against them.

To obtain a review of the action of the court in both particulars, Reilly sued out this writ of error. The record contained no bill of exceptions, demurrer, or statement of facts.

*Messrs. Miles Taylor, Lacey, and Butler, for the plaintiff in error,* maintained, by brief, that the exception taken by Reilly below was well founded, and that even if the Circuit Court had jurisdiction over the original suit, the proceeding to enforce payment was a separate action, over which the Circuit Court had no jurisdiction, Golding, the plaintiff, and Reilly being confessedly both citizens of Louisiana.

*Mr. Durant, contra.*

Mr. Justice NELSON delivered the opinion of the court.

The answer to the exception to the jurisdiction of the court is, that according to the practice of the courts in Louisiana, and which has been adopted by the Circuit Court of the United States, the court proceeds against the surety on a forthcoming bond by a rule to show cause, as in the present case. The proceeding is merely incidental to the principal suit.

Reilly, also, put in answer on the merits which was tried.

The court made the rule absolute, and rendered judgment against the surety for the whole amount of the claim of the plaintiff.

There is no finding of the facts in this case, and no reason for taking it out of the general rule on the subject, which, under like circumstances, as is well settled, is to

AFFIRM THE JUDGMENT.