## SMITH ET AL. *v.* GAINES.

1. Under the laws of Louisiana, sureties in an appeal-bond, which operates as a *supersedeas*, are liable, by a summary proceeding, to judgment, after execution on the original judgment has been issued, and a return of *nulla bona* made by the proper officer.
2. The officer who made this return cannot be compelled to amend or modify it, nor can its truth be questioned in the subsequent proceeding against the sureties.
3. It is no defence that the defendant in the original judgment has been garnished, or the judgment sold, at the instance of creditors of the plaintiff, where the sureties have not been made parties to the proceedings to appropriate such judgment.

ERROR to the Circuit Court of the United States for the District of Louisiana.

Submitted on printed argument by *Mr. James McConnell* for the plaintiffs in error.

Argued by *Mr. James Emott* for the defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

Mrs. Gaines, the defendant in error, having recovered a decree against the City of New Orleans for the sum of $125,266.79, in the Circuit Court of the United States for the District of Louisiana, the city took an appeal to this court; and, for the purpose of superseding the execution of the decree, the plaintiffs in error gave the bond which is the foundation of the present suit. The decree was affirmed; and, on return of the mandate, an execution was issued against the city for the amount of the decree and costs, which was placed in the hands of the marshal. That officer made return on this execution that he had not been able to find any property of the city subject to the writ, and that though he had called on the proper officers of the city, and on the counsel of Mrs. Gaines, neither of them had pointed out to him such property. On this return the counsel of Mrs. Gaines, pursuing the practice prescribed by the laws of Louisiana in such cases, procured from the Circuit Court a rule on the sureties in the *supersedeas* bond, to show cause why judgment should not be entered against them on their undertaking, and execution issue thereon for the amount of the decree and all necessary costs.

To this rule the defendants set up two answers, to wit: —

1. That the return of the marshal was false, and that there was property of the city liable to the execution which had been shown the marshal, sufficient to pay the same.

2. That, by proceedings of certain creditors of Mrs. Gaines, in the State courts of Louisiana, by way of garnishee and otherwise, the judgment had been sold and was held by the parties, and her right to the money due from the city seized and held for the benefit of those creditors.

In aid of the first defence, and while the case was pending, the sureties obtained a rule on the marshal to show cause why he should not amend his return in the matter in which they alleged it to be false.

To this rule the marshal answered, that the return was made on his official responsibility; that the same was true and sufficient, and he did not desire to change it. This rule came on to be heard with the rule for judgment against the sureties, and the court dismissed it. On this hearing the sureties offered evidence tending to show that there was property liable to execution belonging to the city, which evidence was rejected, and an exception was taken to the ruling of the court. This evidence was offered on both issues; namely, that regarding the amendment of the marshal's return, and that regarding the liability of the sureties on the bond. This ruling of the court is the first error assigned here.

We are of opinion that the action of the court was correct.

At common law, the sureties on the bond would be liable to a suit without issuing an execution against the principal. The fact that the judgment appealed from was affirmed and was unpaid would be sufficient. Their undertaking is to pay in that event, and they must do it. But the Code of Practice of Louisiana of 1870, sect. 596, says: —

"If, on the execution of the judgment of the Appellate Court, there is not sufficient property of the appellant to satisfy the judgment and costs, the appellee may obtain judgment against the surety given by the appellant: *Provided*, that no suit shall be instituted against such surety until *the necessary steps* have been taken to enforce payment against the principal."

How the want of sufficient property of the appellant is to be shown, and what are "the necessary steps to enforce payment against the principal," are shown by sect. 570 of the Revised Statutes of the same year, which is as follows: —

"In all cases of appeal to the Supreme Court, or other tribunal in this State, if the judgment appealed from be affirmed, the plaintiff may, on the return of the execution that no property has been found, obtain a decree against the surety on the appeal-bond for the amount of the judgment, on motion, after ten days' notice; which motion shall be tried summarily, and without the intervention of a jury."

It is a fair inference from these two provisions that the issue of an execution and the return on it of the proper officer of *nulla bona* is what is required, and all that is required, to render perfect the obligation of the sureties to pay. This seems to have been the view of the Louisiana courts also, under the code formerly in existence, with similar provisions to those we have quoted. *Allen* v. *Hawthorne*, 1 La. Ann. 123; *Rawlings* v. *Barham*, 12 id. 630; *Walls* v. *Roach*, 10 id. 543.

As regards the effort to compel the marshal to amend his return, we think his answer contains a reply which is conclusive. In making that return, he acts under a heavy official responsibility. If false, he is liable to plaintiff and to defendant for any damages resulting from it. He must, therefore, be at liberty to make his own return, subject to that responsibility. Nor do we think his return can be questioned by the sureties. It is declared by the law to be the appropriate evidence of the right to proceed against them. It is an official act. If they had desired him to exercise it otherwise than he did, they might, by showing him property, have possibly rendered him liable for a false return, and, by paying the debt, avail themselves of this liability. But we do not think that either the spirit of the statute or the justice of the case permits an inquiry into the truth of the officer's return in the subsequent proceeding against the sureties. It is analogous to the return of *nulla bona* as the foundation of a creditor's bill in chancery, which cannot be questioned. There was, therefore, no error in rejecting this evidence and in holding the defence founded on it insufficient.

As to the objection that Mrs. Gaines's interest in the judgment had been attached, assigned, and sold, that is nothing to these defendants. Until the judgment is paid or satisfied, they are liable. Until they are garnished or enjoined, they have no defence. The equitable owners of the judgment have a right to use Mrs. Gaines's name as the judgment plaintiff to procure judgment against the sureties, and probably are pursuing this remedy. If, after judgment, when their liability is decided, or if they admit it and are ready to pay, they can easily protect themselves by a bill of interpleader, by payment into court, or by some other appropriate remedy; but, while contesting their liability to anybody on the bond, they have no right to interfere among those who are claiming the benefit of the judgment, — a judgment which is not against them, and the liability to pay which they deny.

When that disputed liability is affirmed, the court will, if requested, find means to protect them from paying it more than once.        *Judgment affirmed.*