## DAVIS et al. v. PATRICK.

(Circuit Court of Appeals, Eighth Circuit. September 18, 1893.)

No. 265.

1. APPEAL—LIABILITY ON APPEAL BOND—EFFECT OF AFFIRMANCE—PRACTICE.
    A judgment of affirmance by the supreme court fixes the liability of the principal and sureties on a supersedeas bond, as it shows conclusively that the principal did not prosecute his appeal to effect; and where the mandate has been filed in the lower court it is not necessary for that court to make an order that the judgment be executed, before suit can be maintained on the bond. Babbitt v. Finn, 101 U. S. 7, followed.

2. SAME—RIGHTS OF SURETIES—STAYING SUIT ON SUPERSEDEAS BOND.
    And the sureties are not entitled to have a suit on the bond stayed until attached lands of the principal are sold, and such security exhausted.

3. CONTINUANCE—DISCRETION OF TRIAL COURT—REVIEW.
    A motion for a continuance is addressed to the discretion of the trial court, and its action in overruling such a motion cannot be reviewed on writ of error.

In Error to the Circuit Court of the United States for the District of Nebraska.

At Law. Action on a supersedeas bond, brought by Algernon S. Patrick against Erwin Davis, principal, and J. N. H. Patrick and James M. Woolworth, sureties. Judgment for plaintiff. Defendants bring error. Affirmed.

R. S. Hall, for plaintiffs in error.

John L. Webster and George W. Doane, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. This is an action upon a supersedeas bond which was executed by the plaintiffs in error on the 11th day of February, 1890, for the purpose of staying proceedings pending the prosecution of a writ of error to the United States supreme court, on a judgment in the sum of $65,000, which was recovered by the defendant in error against Erwin Davis on the 21st of January, 1890, in the United States circuit court for the district of Nebraska. The petition on which the case was tried alleged the recovery of the judgment against Erwin Davis, the due execution of the supersedeas bond on February 11, 1890, and further averred that at the October term, A. D. 1891, of the United States supreme court, said judgment against Davis was by said court affirmed, with costs, and that it thereupon, on March 1, 1892, sent down its mandate of affirmance to the circuit court of the United States for the district of Nebraska, which mandate had been duly filed in the clerk's office of the last-mentioned court. It was further averred that the obligors in the bond, although often requested to pay the said judgment, had hitherto failed and refused to do so, wherefore a judgment on the bond was demanded in the sum of $65,000, with interest and costs. The trial in the circuit court resulted in a verdict against the plaintiffs in error in the sum of $78,905, to reverse which they have prosecuted the present writ of error.

To the petition filed by the plaintiff in the circuit court the defendants pleaded, among other things, "that upon the mandate of the supreme court of the United States mentioned and referred to in said petition, and therein alleged to have been filed in this court, no order had been or ever was entered in this court [i. e. the circuit court] directing the execution of the alleged judgment of the supreme court of the United States, nor other action had in or taken by this court upon or in respect of the said mandate." To such plea the plaintiff below demurred, and the circuit court sustained the demurrer. Its action in that respect constitutes one of the principal errors that have been assigned. It is contended by the learned counsel for the plaintiffs in error that when a judgment in a law case has been affirmed by the supreme court of the United States, and a mandate has been sent down and filed with the clerk of the circuit court, no action can be maintained on a supersedeas bond which may have been given in the case until the circuit court has made an order thereon, directing the judgment to be enforced or carried into effect.

It is conceded that there are no decisions which in terms announce the doctrine last stated, but it is nevertheless argued that such is the correct practice. We are constrained to take a contrary view, and for the following reasons: The liability of the obligors in a supersedeas bond is determined by the language of the bond. They undertake that the judgment debtor will "prosecute the writ of error to effect, and answer all damages and costs if he fail to make his plea good." The writ of error is not prosecuted to effect if the judgment is affirmed, and it seems obvious that on the rendition of a judgment of affirmance the obligation of the principal and sureties to pay the debt, damages, and costs becomes absolute, without any further order by the court whose judgment is affirmed to the effect that the judgment be enforced or carried into execution. In the case of Babbitt v. Finn, 101 U. S. 7, 13, it is said that "the rule is universal that the affirmance of the judgment in the appellate court fixes the liability of the sureties, as it shows conclusively that the principal obligor did not prosecute his appeal to effect." In the same case it was further held that a judgment creditor whose judgment has been affirmed on appeal to the supreme court is under no obligation to take out an execution against the judgment debtor before suing on the appeal bond; and with reference to the contention that such preliminary action was necessary the court again declared that "it was the affirmance of the judgment that fixed the liability of the sureties," and that, inasmuch as the defendants bound themselves that the principal should pay the judgment if he failed to make his plea good, no such preliminary step was required. As it is the order of affirmance by the appellate tribunal which fixes the liability of the principal and sureties in a supersedeas bond, we fail to see how it can be deemed essential, when a judgment is simply affirmed, that the lower court should make a further order that the judgment be executed, before a suit can be maintained on such bond. An order of that nature would give no additional efficacy to the judgment of affirmance, which operates proprio vigore, and we are satisfied that it has not been customary, in this circuit at least, to enter such orders where a judgment is simply affirmed. On the contrary, the practice is quite uniform to file the mandate in the clerk's office of the trial court, which is authentic evidence that the supersedeas has been removed, and thereupon to sue out such final process as the judgment creditor may be entitled to. In the case at bar the petition showed that the judgment had been affirmed by the appellate tribunal, that the mandate had been duly filed in the clerk's office of the circuit court, and that payment of the judgment had been demanded and refused. Under these circumstances, we entertain no doubt of the judgment creditor's right to maintain a suit on the appeal bond, and the demurrer to the plea was properly sustained.

Another plea interposed by the defendants in the lower court, which was likewise adjudged to be insufficient, was to the fol-

lowing effect: That the original suit against Erwin Davis, in which the supersedeas bond had been given, was commenced by attachment, and that certain lands of said Davis, situated in the state of Nebraska, of the value of $75,000, had been levied upon under a writ of attachment issued in said case, the lien whereof was still in force. In view of this fact the defendants alleged that the plaintiff below was not entitled to prosecute an action on the appeal bond until he had discharged said attachment lien, or enforced the same against the lands. The action of the circuit court in overruling such plea is also assigned for error.

It is to be observed that the plea last mentioned merely asserts an alleged equitable right or defense, and it is doubtful, to say the least, whether such alleged equity could in any event be pleaded as a defense to a suit at law in the federal courts, where the distinction between legal and equitable defenses is still carefully preserved. But we do not care to dwell on the latter suggestion. It is obvious, we think, that the plea did not disclose a right on the part of the sureties to have the lien discharged, or the attached lands sold, before a suit was maintained on the supersedeas bond, which a court of equity would recognize and enforce, even on a bill filed for that purpose. In the case heretofore cited (Babbitt v. Finn) it was held, as before stated, that a surety in an appeal bond is not entitled to have an execution issued against the principal debtor, before suit is brought on the bond; that by the affirmance of the judgment the sureties became liable to the same extent as the principal obligor; and the same ruling has been made elsewhere. Tissot v. Darling, 9 Cal. 278; Murdock v. Brooks, 38 Cal. 596, 603; Anderson v. Sloan, 1 Colo. 484; Smith v. Ramsay, 6 Serg. & R. 576. If it be true that the liability of the surety is so absolute that he is not entitled to insist on the issuance of an execution against the principal debtor, it can hardly be contended that the defendants below were entitled to have the suit on the bond stayed until the attached lands were sold, and that security exhausted. If the sureties desired to avail themselves of the attachment lien, it was their plain duty to pay the judgment debt, and by so doing become subrogated to whatever lien the judgment creditor had acquired on the lands in question.

Some cases have been cited by the learned counsel for the plaintiffs in error, the authority of which we do not dispute, that under certain circumstances a court of equity, at the instance of a surety, will coerce a creditor to proceed with the collection of his claim against the principal debtor. But these are cases where, by the delays and forbearance of the creditor, the surety is liable to sustain loss, or where the creditor has access to a fund for the payment of his debt which the sureties cannot make available. The principle has never been extended to a case like the one at bar, where the creditor has merely exercised his right of election as between two remedies for the collection of a debt, and where the securities held by the creditor may be made imme-

diately available to the surety by his paying the debt and seeking subrogation. No error was committed in overruling the equitable defense to which we have last referred.

The plaintiffs in error finally insist that the circuit court erred in overruling their motion for a continuance. There are two good and sufficient answers to this assignment. In the first place, the record shows that no exception was taken to such action in the circuit court; and, in the second place, a motion for a continuance is addressed to the sound discretion of the trial court, and its action in overruling such a motion cannot be reviewed by a writ of error. This has long been the rule in the United States supreme court, and the doctrine is binding upon this court. Sims v. Hundley, 6 How. 1, 5, and notes; Insurance Co. v. Hodgson, 6 Cranch, 206, 216, 217; Thompson v. Selden, 20 How. 194, 198.

Finding no error in the record before us, the judgment of the lower court is hereby affirmed.