Mr. Justice Shepard
delivered the opinion of the Court:
1. As we have seen, the execution issued upon complainants’ judgment was returned by the marshal, upon the order of their attorney, within thirteen days from its date, and the bill was filed within seven days thereafter. The writ was, upon its face, returnable “within sixty days,” as provided in the rules of the Supreme Court of the District of Columbia in force at that time.
•Defendants’ objection to the jurisdiction is based upon the contention that the right to file a creditor’s bill depends upon the return of an execution nulla bona, on, and not before, the return day thereof, and that such return must be wholly *98 upon the official responsibility of the marshal, and not upon the order of the plaintiff in the writ.
The insolvency of Solari Bros, has never been denied; nor is it questioned that the only property in which they had an interest passed into the nominal possession and ownership of Edmund Solari, Camille Solari, Sr., and Joseph Mehler, successively, under the conveyances alleged in the bill, and that all of it which remains is sought to be subjected to the partial satisfaction of complainants’ judgment. Under these circumstances the retention of the execution by the marshal for the full period of sixty days, coupled with the closest search for property to levy it upon, would have served no practical or useful purpose. We can, therefore, see no imperative necessity for the issuance of an execution at all, and none whatever for its being held by the marshal until its last return day.
“ The rule is a familiar one, that a court of equity will not entertain a case for relief where the complainant has an adequate legal remedy. The complaining party must, therefore, show that he has done all that he could do at law to obtain his rights. But, after all the judgment and fruitless execution are only evidence that his legal remedies have been exhausted, or that he is without remedy at law. They are not the only possible means of proof. The necessity of resort to a court of equity may be made otherwise to appear. Accordingly the rule, though general, is not without many exceptions. Neither law nor equity requires a meaningless form. ‘ Bona sed impossibilia non cogit lex.’ It has been decided that where it appears by the bill that the debtor is insolvent, and that the issuing of an execution would be of no practical utility, the issue of an execution is not a necessary prerequisite to equitable interference” Case v. Beauregard, 101 U. S., 690. See also 2 Beach Eq. Jur., Sec. 894.
The right to ask equitable relief in this case, however, does not depend upon the soundness of the exception above stated, for an execution was in fact issued and returned unsatisfied, although within a few days after its issue. In *99 Forbes v. Waller, 25 N. Y., 430, the execution issued June 2 and was returned June 9, by the order of plaintiff’s attorney, for the reason that there was no property that could be seized thereunder; and the court sustained the right to file the bill. As regards the manner in which the return was made, the court said: “That the return has been made by the sheriff at the request of the plaintiff does not affect the ulterior proceedings by action, unless the debtor has property which could be reached by execution.” The return is unquestionably good, at least until its verity shall have been' impeached; and it is not clear that it could be impeached at all, except in a direct proceeding for that purpose. Smith v. Gaines, 93 U. S. 343.
That a creditor’s bill could be maintained upon the return of an execution before its regular return period had expired, has been expressly held by the Supreme Court of this District, in Barth v. Heider, 7 D. C., 71, decided in 1870. In that case, the execution was returned within six days after its date; and the practice authorized by it has been upheld in several decisions by the general term which have not been reported.
We are of the opinion that the objection to the jurisdiction is not well taken.
2. It would be unnecessary comsumption of time, and would serve no useful purpose, to review here the mass of testimony taken in this case. We could add nothing to the opinion delivered by the Chief Justice of the Supreme Court of the District of Columbia on the hearing below. Like him we can come to no other conclusion than that there was no valid foundation for the claim upon which the judgment in favor of Edmund Solari was confessed; that it was devised for the purpose of defrauding the creditors of Solari Bros., and that the subsequent conveyances and encumbrances were made in further execution of the same design. It is unnecessary to consider the objections made to certain testimony offered on behalf of complainants, for rejecting it all, our conclusion is the same.
*100 3. With respect to the claim of White, Hentz & Co., we think it clear that they were entitled only to the payment of the balance due upon the trust deed made by Solari Bros, to secure the $10,000 advanced by them. In obedience to their demand, the trustee in said instrument, Herman A. Seligson, sold out the property at public sale pending the litigation. In answer to the rule made on him to account for the proceeds of said sale, he rendered an account crediting himself with the payment of the balance due them, with interest to date. They, as well as the complainants, acquiesced in the truthfulness of this report and account. The balance remaining in his hands was ordered deposited in the registry of the court. White, Hentz &.Co. asked for no order with respect to the part of the proceeds of said sale which was recognized as due them. Whether the trustee ever in fact paid them the money, which they now deny, cannot affect the subsequent proceedings. After his.report and payment of the remainder of the proceeds into court, he was no longer a necessary party to the cause, and therefore, upon his death, it was not necessary that his representatives should be made parties.
4. The deed of trust to secure the debt of P. H. McLaughlin & Co. necessarily falls with the title of Mehler, the maker thereof. These parties dealt with the parties and the property pending the litigation, on peril of a successful result to the complainants, and have nothing to complain of but their own want of care, and their too great confidence in the cause of the defendants. Union Trust Co. v. Southern Nav. Co., 130 U. S., 565.
5. So far,as the appellants are concerned, they have no reason or right to complain that the cause was not referred to the auditor before the final decree of distribution of the fund.
Complainants’ debt largely exceeds the amount of the fund in the registry of the court. There is nothing else left. No other creditors of Solari Bros, are before the court complaining of the disposition made of the fund. Even if this *101 disposition were erroneous, or unfair to other creditors, the appellants have no interest that can, in the remotest degree, be affected thereby.

It follows from what has been said that the decree appealed from must be affirmed, with costs ; and it is so ordered.