## WOOD v. BROWN.

## BROWN v. WOOD.

(Circuit Court of Appeals, Eighth Circuit. October 9, 1900.)

### Nos. 1,330, 1,331.

**1. PRINCIPAL AND SURETY—DISCHARGE OF SURETY.**

If the obligee in a bond obtains control of money or property of the principal therein, which he may lawfully apply to the discharge of that principal's obligation to him, and to which he is not otherwise entitled, and then voluntarily surrenders or releases the money or property, so that the surety loses the benefit of the security it furnishes, the latter is discharged from liability on the bond to the extent of the value of the money or property thus surrendered.

**2. SAME.**

But the release by an obligee in a bond for the payment of a decree of a levy upon real estate in Colorado of an execution issued upon a decree whose record constituted a lien upon the property before the writ was issued, and after the release of the levy, will not discharge a surety on the bond, because it does not affect the lien of the obligee nor diminish the security of the surety.

**3. APPEAL AND ERROR—BREACH OF APPEAL BOND—DAMAGES.**

The measure of damages for the breach of the condition of a bond to "answer all damages and costs," which works a supersedeas under Rev. St. §§ 1000, 1010, 1012, in a writ of error to reverse a personal judgment for money, or in an appeal from a decree which directs the payment of money from the appellant to the appellee, is the amount due to the obligee by the terms of the judgment or decree, just damages for delay, and costs.

**4. SAME.**

The measure of damages for the breach of the condition of a bond to "answer all damages and costs," which is made to work a supersedeas under Rev. St. §§ 1000, 1007, 1012, in an appeal from an order directing the issue of an execution under a decree in chancery for the payment of money, is the same as for the breach of the condition of such a bond in an appeal from the decree. It is the amount due to the obligee under the decree, just damages for delay, and costs.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

Henry T. Rogers, Lucius M. Cuthbert, and Daniel. B. Ellis, for James O. Wood.

J. M. Downing, C. S. Thomas, W. H. Bryant, and H. H. Lee, for David R. C. Brown.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. Each party to this action has sued out a writ and made many specifications of error, but they present but two questions. The obligee in a bond filed to work a supersedeas of an order to issue an execution upon a decree in chancery attacks the judgment in his favor thereon because it is limited to interest on the amount due him under the decree from the time the order was made until it was affirmed, while he claims it should have covered the entire amount due him under the decree. The surety on the bond assails the judgment against him on the ground· that the court erroneously held that he was not discharged by the subsequent levy of a writ of execution upon real estate of one or more of the defendants in the decree, and the release of that levy without a sale. These are the facts which present these issues: On July 16, 1894, a decree was rendered in the United States circuit court for the district of Colorado to the effect that Margaret Billings, James O. Wood, Thomas E. Wood, Hiram H. Wood, and William Wood, as heirs of William J. Wood, should recover of Jerome B. Wheeler and the Aspen Mining & Smelting Company a certain amount of money and interest from that. date; that Wheeler and the. mining company should pay this amount in 30 days; that in default of such payment execution. therefor should issue in the ordinary form, and that the sum so recovered should be divided among the heirs of William J. Wood, named, according to the provisions of the statutes of descent of the state of Colorado. On August 27, 1894, a transcript of this decree was filed for record with the clerk and recorder of the county of Pitkin, in the state· of Colorado, and thereby became a lien upon the real estate of the defendants situated in that county. On February 27, 1897, the circuit court, on the application of the plaintiff James O. Wood, ordered its clerk to issue an execution to the marshal of the district of Colorado commanding him to satisfy and discharge the decree, so far as the rights of James O. Wood were concerned, out of the property, goods, chattels, and effects of Jerome B. Wheeler and the Aspen Mining & Smelting Company. Thereupon the Aspen Mining & Smelting Company filed a bond, executed by itself as principal and by David R. C. Brown and Benjamin Ferris as sureties, whereby they bound themselves to the plaintiff James O. Wood in the sum of $15,000 upon the condition "that, if the said the Aspen Mining & Smelting Company shall prosecute said appeal to effect, and answer all damages and costs if it fails to make good its plea, then the above obligation to be void; else to remain in full force and virtue"; and prayed that an appeal to this court from the order of February 27, 1897, might be allowed to it, and that its appeal might be made

to operate as a supersedeas upon the approval of this bond. The court approved the bond, allowed the appeal, and ordered it to work a supersedeas. The mining company failed to prosecute its appeal to effect, and on December 13, 1897, the order from which the appeal was taken was affirmed by this court. When this appeal was taken, there was due to James O. Wood under the decree $8,847.03, and interest thereon from July 16, 1894, at 8 per cent. per annum. James O. Wood, the plaintiff, brought this action against David R. C. Brown, the defendant, and one of the sureties on the appeal bond, and claimed to recover the amount which was due him under the decree at the time the appeal was taken, interest, and costs. The only defense interposed to this action was that Wood had caused an execution to be issued under the decree of July 30, 1896, and the subsequent order of the court, had caused the marshal to levy this writ on property of one or both of the defendants named in the decree which was situated in Pitkin county, Colo., and had thereafter caused this levy to be released without a sale; and that William Wood, another of the complainants named in the decree, had caused a like writ to be issued for the amount due him thereunder, had levied it upon the same real estate, had caused a sale of this property to be made to himself under the execution, and the circuit court had refused to direct any portion of the proceeds of this sale to be paid to James O. Wood. The facts stated in this defense are substantially established, and upon the conclusion of the evidence the court instructed the jury that the plaintiff was entitled to recover of the surety, Brown, the interest on the amount due him under the decree from February 27, 1897, when the appeal was made a supersedeas, to February 14, 1898, when the mandate of the court of appeals affirming the order to issue the execution was filed in the circuit court, and, in addition, the costs in the appellate court, and interest thereon. There was a verdict and judgment accordingly, and this is the judgment which the writs of error seek to review.

The first question to be considered is whether or not the surety on this bond was discharged by the release of the levy of the writ of execution upon the real estate of the defendants named in the decree situated in Pitkin county. It may be conceded that if the obligee in a bond obtains control of money or property of the principal to which he is not otherwise entitled, and which he may lawfully apply to the discharge of the principal's obligation to him, and then voluntarily surrenders or releases it, so that the surety loses the benefit of the security which it furnishes, the latter is discharged from liability on the bond to the extent of the value of the property thus surrendered. Brandt. Sur. § 434; Thomas v. Wason, 8 Colo. App. 452, 46 Pac. 1079. But this principle has no application to the facts of this case. The only property upon which the execution of James O. Wood was ever levied was real estate of one or both of the defendants named in the decree, situated in Pitkin county, Colo. That levy was made and discharged in the year 1899. Under the laws of Colorado the lien of a judgment or decree may be fastened upon the real estate of the defendants therein by its record. In the case at bar the lien of this decree was fastened upon the lands of Wheeler and the mining

company by the filing of a transcript in the county of Pitkin in August, 1896, and the subsequent levy and release of the levy of the execution thereon neither strengthened nor impaired that lien. Mills' Ann. St. Colo. §§ 2529–2531, 4185 (5); Schofield v. Coke Co., 92 Fed. 269, 271, 34 C. C. A. 334, 337; Stephens v. Clay, 17 Colo. 489, 491, 30 Pac. 43; Bank v. Newton, 13 Colo. 249, 250, 22 Pac. 444. The security of Wood and of the surety, Brown, for the payment of the money due the former under the decree was not, therefore, released or impaired by the levy or by the release of this execution, and hence the surety was not discharged thereby. The levy and release of an execution upon real property which does not discharge or impair the lien of the judgment or decree under which the writ was issued does not release a surety for its payment, because it does not impair his security. Brandt, Sur. § 436; Sasscer v. Young, 6 Gill & J. 243, 249. Nor does the fact that William Wood, under an execution in his favor, based on the same decree and lien, has caused this real estate to be sold, and has purchased it at the sale under the decree himself, release the surety, Brown, from his obligation upon this bond, or impair or affect the lien of this decree in favor of the plaintiff, James O. Wood. The rights of William Wood and James O. Wood rest upon the same decree and upon the same lien. When the transcript was filed in Pitkin county, it fastened the liens of each for the amounts respectively due them under the decree upon the real estate of the mining company and Wheeler at the same time, and no sale or purchase of either under any process issued under this decree can devest or affect the lien or security of the other. There was no error in the ruling of the court below that neither the plaintiff's release of his levy upon the real estate nor William Wood's sale of it under his execution constituted any defense for the surety, Brown, against this action upon the bond.

Turning to the question of the measure of the damages for the breach of the condition of the bond, we enter upon its consideration from the established proposition that a bond which works a supersedeas, and is conditioned, as required by the Revised Statutes, to "answer all damages and costs" resulting from the allowance of a writ of error to reverse a personal judgment for money, or from an appeal from a decree which directs the payment of money from the appellant to the appellee, entitles the obligee to recover upon its breach not only compensatory damages for the delay arising from the stay of the execution or other process, but also the amount due him by the terms of the judgment or decree. Rev. St. §§ 1000, 1007, 1012; rule 29, Sup. Ct.; rule 13, C. C. A., 31 C. C. A. clii., 90 Fed. liii.; Catlett v. Brodie, 9 Wheat. 553, 6 L. Ed. 158; Stafford v. Bank, 16 How. 135, 139, 14 L. Ed. 876; Jerome v. McCarter, 21 Wall. 17, 22 L. Ed. 515; Hotel Co. v. Kountze, 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609; Rosenstein v. Tarr (C. C.) 51 Fed. 370; Tarr v. Rosenstein, 3 C. C. A. 466, 53 Fed. 112. Every reason which can be urged in support of the position that the measure of damages for the breach of a bond on an appeal from a decree for the payment of money which works a supersedeas includes the amount due under the decree pleads with equal cogency for the same measure for the breach of a like

bond on a like appeal from an order directing the issue of an execution under such a decree. The two bonds are required by the same statute and by the same rules of court to contain the same condition and to cover the same amount. Rev. St. §§ 1000, 1007, 1012; rule 29, Sup. Ct.; rule 13, U. S. C. C. A. The effect of each bond is the same. The bond on an appeal from a decree which works a supersedeas simply stays the execution or process under the decree until its affirmance. It has no other effect. The bond on an appeal from an order to issue an execution to enforce the decree, which is made to work a supersedeas, has the same effect. It stays the execution as completely until the order is affirmed. Since the two bonds contain the same condition, are issued under the same statutes and rules, and have the same effect, the damages resulting from their breach must be determined by the same standard. The decree of July 30, 1896, upon which the order to issue the execution from which the appeal was taken was based, adjudged that the complainants in that suit should recover the amount of money there specified from the defendants in that decree, the mining company and Jerome B. Wheeler; that the latter should pay that amount within 30 days, and that in default of payment thereof execution should issue therefor in the ordinary form. If the mining company had taken an appeal from that decree, and had given a bond with the same condition as that contained in the bond in suit, and had obtained an order making it a supersedeas, the damages for its breach would have been the amount due under the decree, just damages for the delay, and the costs. The only effect of that supersedeas would have been to stay the execution under the decree pending the appeal. The supersedeas obtained by filing the bond in suit in the appeal from the order directing the execution to issue upon this decree was procured for this very purpose, and had exactly this effect. It stayed the execution until the order was affirmed. The damages which the obligee is entitled to recover for its breach must, therefore, be the same. The measure of damages for the breach of the condition of a bond to prosecute an appeal to effect and to answer all damages and costs, which is made to work a supersedeas of an order directing the issue of an execution on a decree for the payment of money, is the same as for the breach of such a bond in an appeal from the decree itself. It is the amount due to the appellee under the decree, compensatory damages for the delay, and costs.

The judgment must be reversed, and the case must be remanded to the court below, with directions to enter judgment for the plaintiff James O. Wood and against the defendant David R. C. Brown for the amount which they have agreed by their written stipulation in this record is due to him under the decree, $8,847.03, and interest thereon at 8 per cent. per annum from July 16, 1894; and also for $20 costs of this court on the appeal from the order to issue the execution, and interest thereon at 8 per cent. per annum from December 13, 1897, and for the costs in this suit. It is so ordered.