### EGAN v. CHICAGO GREAT WESTERN RY. CO. et al.

(Circuit Court, N. D. Iowa, E. D. July 28, 1908.)

No. 613.

1. COURTS—FEDERAL COURTS—ADOPTION OF STATE PRACTICE—APPEAL AND ERROR — LIABILITY ON SUPERSEDEAS BOND — SUMMARY REMEDY IN FEDERAL COURTS.

   Where the statutes of a state authorize a summary judgment against the sureties on an appeal or supersedeas bond, the Circuit and District Courts of the United States in that state may render such judgment.

2. APPEAL AND ERROR—LIABILITIES ON BONDS—SUMMARY REMEDIES.

   Persons signing supersedeas, cost, or delivery bonds in suits between other parties voluntarily become connected with such suits in such manner that they subject themselves to the jurisdiction of the court in which the suit is pending and to summary judgment upon their undertakings when the amount of their liability can be ascertained without an issue and trial.

3. COURTS—FEDERAL COURTS—ADOPTION OF STATE PRACTICE—APPEAL AND ERROR.

   Code Iowa 1897, § 4140, authorizes the Supreme Court of the state on affirmance of a judgment on appeal to render judgment against the appellant and his sureties on the appeal bond for the amount of the judgment appealed from, with damages and costs. A judgment for the recovery of money was rendered by a Circuit Court of the United States in Iowa in an action at law, from which a writ of error was prosecuted and a supersedeas bond given under the provisions of Rev. St. § 1000 (U. S. Comp. St. 1901, p. 712), and rule 13 of the Circuit Court of Appeals (150 Fed. xxviii, and 79 C. C. A. xxviii), which provides that "such indemnity, where the judgment is for the recovery of money, not otherwise secured, must be for the whole amount of the judgment or decree, including just

damages for the delay, and costs and interest on the appeal." The judgment was affirmed, and the usual mandate issued. *Held*, that since the conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]) applies only to the Circuit and District Courts, and it is not the practice of the federal appellate courts in actions at law to render judgment anew on affirmance, but to remand the cause with direction to the court below to proceed according to right and justice, the Circuit Court, on receipt of the mandate had power, in conformity to the Iowa statute, to enter summary judgment against the surety on the supersedeas bond for the amount of the judgment stayed, with interest and costs.

[Ed. Note.—Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

4. APPEAL AND ERROR—LIABILITIES ON BOND—MOTION FOR SUMMARY JUDGMENT—DEFENSES.

The fact that a judgment defendant is solvent is no defense to a motion for a summary judgment against the surety on his supersedeas bond on affirmance of the judgment by an appellate court, nor is the fact that the plaintiff has taken steps to secure payment from the judgment defendant.

5. SCIRE FACIAS —NATURE OF REMEDY.

Scire facias is a judicial writ at common law to revive judgments, or to obtain satisfaction thereof, from sureties upon bail or other recognizances taken in the proceedings in which the judgment is rendered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Scire Facias, §§ 1–11.

For other definitions, see Words and Phrases, vol. 7, pp. 6351–6355; vol. 8, p. 7796.]

At Law. On motion of the plaintiff for judgment against the Metropolitan Surety Company, as surety upon a supersedeas bond.

The plaintiff, as administratrix of the estate of Charles H. Egan, deceased, recovered in this court, April 28, 1906, judgment against the Chicago Great Western Railway Company in the sum of $8,000, as damages, and costs, for the wrongful and negligent killing of the deceased while he was in the employ of the railway company as a conductor upon one of its trains running between Dubuque and Oelwein, in this state. The railway company in due time sued out a writ of error from the Circuit Court of Appeals to reverse such judgment, which writ was, within 60 days from the date of the judgment, duly allowed to operate as a supersedeas upon the execution of a bond to the plaintiff in the sum of $10,000 with sureties to be approved and conditioned as by law provided. The railway company and the defendant Metropolitan Surety Company, as surety, executed such a bond to the plaintiff, which was duly accepted and approved, conditioned as follows: "Now the condition of the above obligation is such that if the Chicago Great Western Railway Company shall prosecute said writ of error to effect, and answer all damages and costs if it shall fail to make good the same, then the above obligation to be void, else to remain in full force and virtue." Execution upon the judgment was thereupon stayed, citation issued, a transcript of the record in the cause duly filed in the office of the clerk of the Circuit Court of Appeals, and the cause docketed in that court.

Afterwards, and in January, 1908, a suit in equity was brought by John A. Humbird and others, creditors of the Chicago Great Western Railway Company, in the Circuit Court of the United States for the District of Minnesota, against said railway company, in which suit receivers were appointed on January 8, 1908, by Hon. Walter H. Sanborn, one of the circuit judges of this circuit, to take possession of all of the property of the railway company and hold the same pending the hearing and determination of said suit, and said property was thereupon placed in their custody and control, and they are now operating said railway under the orders of said court. January 9, 1908, ancillary proceedings were instituted in this court by said John A. Humbird

and others against the Chicago Great Western Railway Company, and the same receivers were appointed by Judge Sanborn in such proceedings for the property of said railway company in this judicial district, and they are now in possession of and operating the same under the directions of the court so appointing them.

March 14, 1908, the Court of Appeals, upon consideration of the record and proceedings in the cause of the plaintiff against said railway company, affirmed the judgment of this court and remanded the cause to it for further proceedings. Chicago Great Western Railway Company v. Egan, 159 Fed. 40. The mandate of the Court of Appeals was duly issued, and on May 16th filed with the clerk of this court, directing this court as follows: "You therefore are hereby commanded that such execution and proceedings be had in said cause, as, according to right and justice and the laws of the United States, ought to be had, the said writ of error notwithstanding." May 19, 1908, the plaintiff filed in this court in this cause an application, or motion, for judgment against the Metropolitan Surety Company upon its bond for the amount of such judgment, interest and costs. An order was made requiring it to appear and show cause, if any it had, why the application or motion should not be granted, and that a copy of the order and of the application of the plaintiff be served upon it, and they have been so served.

May 21, 1908, the plaintiff also filed an intervening petition in this court in the ancillary proceedings of John A. Humbird and others against the Chicago Great Western Railway Company, reciting the recovery of the judgment by her, in this cause against the railway company, its affirmance by the Court of Appeals, and its nonpayment by the railway company, and alleged that said judgment was recovered for a personal injury inflicted by the railway company upon said deceased which caused his death, that under section 2075, Code Iowa 1897, such judgment is a prior lien upon the property of the railway company in Dubuque county, Iowa, and prayed that the receivers be directed to pay said judgment as a preferred claim against the property in their custody. This petition was referred to the master in the receiver's suit, where it is still pending.

The Metropolitan Surety Company appears specially, in response to the order and notice served upon it, and alleges: (1) That this court is without authority, statutory or otherwise, to render summary judgment against it in this proceeding as asked by the plaintiff; (2) that it does not appear that the railway company has refused to pay, or is unable to pay, the plaintiff's judgment against it; and (3) the filing of the intervening petition in the receiver's suit and its pendency before the master in that suit.

John W. Kintzinger, for plaintiff.
Arthur J. Stobbart, for defendant Metropolitan Surety Co.

REED, District Judge (after stating the facts as above). The execution of the supersedeas bond by the surety company, the stay of execution upon plaintiff's judgment against the railway company because thereof, the affirmance of the judgment by the Court of Appeals, and its nonpayment are not disputed. The principal contention of the surety company is that this court is without authority, statutory or otherwise, to render summary judgment against it upon its undertaking, and that plaintiff's only remedy is an ordinary action upon the bond. It may be conceded that there is no act of Congress other than the Conformity act of June 1, 1872 (17 Stat. 197, c. 255; Rev. St. U. S. § 914 et seq. [U. S. Comp. St. 1901, p. 684]), authorizing such procedure; but the Supreme Court of the United States has repeatedly held that, where the statutes of a state authorize a summary judgment against the sureties upon an appeal or supersedeas bond, the Circuit and District Courts of the United States in that state may render such judgment. Hiriart v. Ballon, 9 Pet. 156, 9 L. Ed. 85; Beall v. New

Mexico, 16 Wall. 535, 21 L. Ed. 292; Moore v. Huntington, 17 Wall. 417, 21 L. Ed. 642; Smith v. Gaines, 93 U. S. 341, 23 L. Ed. 901; Reilly v. Golding, 10 Wall. 56, 19 L. Ed. 858.

In Hiriart v. Ballon, above, Ballon, the appellee, recovered judgment in the District Court of the United States for the District of Louisiana against one Gassies, who appealed from the judgment to the Supreme Court and gave a supersedeas bond signed by the appellant Hiriart, as surety. The judgment was affirmed by the Supreme Court, and its mandate in due course returned to the District Court. The appellee thereupon moved in the District Court for an order upon the appellant to show cause, if any he had, why judgment should not be entered against him upon his bond for the amount of the judgment, interest, and costs, which had been stayed by the giving of such bond. Notice of the motion was served upon the appellant, who appeared and answered that the proceeding by motion was unauthorized, and that his liability for judgment could only be established, if at all, by an ordinary action upon the bond in which he would be entitled to a jury trial. This contention was overruled by the District Court, and summary judgment entered against him upon the bond for the amount of the judgment, interest and costs. The law of Louisiana then in force allowed appeals from the judgment of the lower state courts to the state Supreme Court upon giving an appeal bond with security, and, upon affirmance of the judgment, authorized judgment to be entered against the surety upon the appeal bond in the court from which the appeal was taken. This law of Louisiana had been adopted as a rule of practice of the United States District Court for the District of Louisiana. The Supreme Court held that the summary judgment against the surety upon the supersedeas bond was regular and strictly authorized by the law of Louisiana and the rules of the United States court adopting the same as the practice and mode of proceeding in that court, and that the appellant was not entitled to a trial by jury. Smith v. Gaines, 93 U. S. 341, 23 L. Ed. 901, and Reilly v. Golding, 10 Wall. 56, 19 L. Ed. 858, also from Louisiana, are to the same effect.

In Beall v. New Mexico, 16 Wall. 535, 21 L. Ed. 292, a summary judgment was entered against the surety upon a supersedeas bond by the Supreme Court of the territory of New Mexico, pursuant to a statute of the territory, upon affirming the judgment of a lower court. The surety appealed to the Supreme Court. Mr. Justice Bradley, speaking for that court, said:

"A party who enters his name as surety on an appeal bond does so with full knowledge of the responsibilities incurred. In view of the law relating to the subject, it is equivalent to a consent that judgment shall be entered against him if the appellant fails to sustain his appeal. If judgment may thus be entered on a recognizance, and against stipulators in admiralty, we see no reason in the nature of things, or in the provisions of the Constitution, why this effect should not be given to appeal bonds in other actions, if the Legislature deems it expedient. No fundamental constitutional principle is involved. No fact is to be ascertained for the purpose of rendering the sureties liable, which is not apparent in the record itself. No object (except mere delay) can be subserved by compelling the appellee to bring a separate action upon the appeal bond."

In Moore v. Huntington, 17 Wall. 417, 21 L. Ed. 642, also from New Mexico, a decree was entered against the sureties on a supersedeas bond, upon affirming the judgment appealed from. Mr. Justice Miller, speaking for the court said:

"The decree was rendered in the Supreme Court (of New Mexico) jointly against the defendants and their sureties in the appeal bond, and it is alleged for error that no such judgment could be rendered against the latter; but there is no error in this. It is a very common and useful thing to provide by statute that sureties in appeal and writ of error bonds shall be liable to such judgment in the appellate court as may be rendered against their principals. This is founded on the proposition that such sureties, by the act of signing the bond, become voluntary parties to the suit and subject themselves thereby to the decrees of the court."

What, then, is the statute of Iowa upon the subject? The Supreme Court of that state is a court of record, and has appellate jurisdiction over all judgments and decrees of the lower courts of record. Equitable causes are triable anew therein on appeal, and the final decree is frequently there entered, whether the decree of the lower court be reversed or affirmed, though it may remand the cause to the lower court to carry into effect the decree; but law actions are remanded to the lower court for new trial if the judgment be reversed, or to carry into effect the judgment if it be affirmed, if the Supreme Court shall so direct. Code Iowa 1897, §§ 3651, 3652. Other provisions of the Code are:

"Sec. 4128. No proceedings under a judgment or order, nor any part thereof, shall be stayed by an appeal, unless the appellant executes a bond with one or more sureties, to be filed with and approved by the clerk of the court in which the judgment or order was rendered or made, to the effect that he will pay to the appellee all costs and damages that shall be adjudged against him on the appeal; and will satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the Supreme Court may render, or order to be rendered by the inferior court, not exceeding in amount or value the original judgment or order, and all rents of or damages to property duing the pendency of the appeal out of the possession of which the appellee is kept by reason of the appeal. * * *"

"Sec. 4140. The Supreme Court, if it affirms the judgment shall also, if the appellee asks or moves therefor, render judgment against the appellant and his sureties on the appeal bond for the amount of the judgment, damages and costs referred to therein, in case such damages can be accurately known to the court without an issue and trial."

"Sec. 4143. If the Supreme Court affirm the judgment or order, it may send the cause to the court below to have the same carried into effect. or may issue the necessary process for this purpose directed to the sheriff of the proper county, as the party may require."

It is contended by the surety company that these sections authorize the state Supreme Court only to render summary judgment against the sureties, that the court from which the appeal is taken has no power to do so, that this court has none, and that the Court of Appeals only, of the federal courts, can render such judgment.

Section 914 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 684) provides:

"The practice, pleadings, * * * and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be to the practice, pleadings, * * * and modes of proceeding existing at the time in like causes in the courts of record

of the state within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding."

By its terms this section is limited to the Circuit and District Courts of the United States, and does not apply to the Supreme Court nor to the Circuit Courts of Appeals. Its plain purpose is to conform as near as may be, the practice and modes of proceeding in law actions in the Circuit and District Courts, to the practice and modes of proceeding that obtain in the state courts under state laws, and they are given a large discretion in adopting and applying the laws of the state as the proper mode of proceeding in those courts for the advancement of justice and the prevention of delays in proceedings. Shepard v. Adams, 168 U. S. 618–625, 18 Sup. Ct. 214, 42 L. Ed. 602. If therefore, under the statutes of the state of Iowa, a party is entitled to summary judgment against a surety upon a supersedeas bond, in any court of record in that state upon affirmance of the judgment appealed from, then a party to an action in a Circuit or District Court of the United States in that state may have such judgment in those courts upon affirmance of the judgment by an appellate court, by proceeding in substantially the same manner.

But persons signing supersedeas, cost, or delivery bonds in suits between other parties voluntarily become connected with such suits in such manner that they subject themselves to the jurisdiction of the court in which the suit is pending and to summary judgment upon their undertakings, when the amount of their liabilty can be ascertained without an issue and trial.

In Jewett v. Shoemaker, 124 Iowa, 561, 100 N. W. 531, the Supreme Court of the state held that the sureties in an appeal bond are parties to the record, though not to the suit, and that summary judgment may be entered against them by the Supreme Court without notice, upon affirming the judgment appealed from. As the bond is required, under the statute, to be filed in the court from which the appeal is taken, the sureties are of necessity parties to the record in that court, and subject to its orders upon a remand of the cause by the Supreme Court.

In Blossom v. Railroad Company, 1 Wall. 655, 17 L. Ed. 673, Mr. Justice Miller says:

"It seems to be well settled that, after a decree adjudicating certain rights between the parties to a suit, other persons having no previous interest in the litigation may become connected with the case, in the course of the subsequent proceedings, in such a manner as to subject them to the jurisdiction of the court, and render them liable to its orders. * * * Sureties signing appeal bonds, stay bonds, delivery bonds, and receipters under writs of attachment, become quasi parties to the proceedings, and subject themselves to the jurisdiction of the court, so that summary judgments may be rendered on their bonds or recognizances."

In Third National Bank v. Gordon (C. C.) 53 Fed. 471, a statute of Alabama provided:

"If the Supreme Court affirms the judgment of the court below it must render judgment against all or any of the obligations in the bond for the amount of the judgment affirmed, ten per cent. damages thereon, and the costs of the Supreme Court."

The defendant Gordon signed as surety a supersedeas bond in the Circuit Court of the United States for the District of Alabama to

supersede the judgment of that court pending the determination of a writ of error in the Supreme Court of the United States. The judgment was affirmed, and upon the return of the mandate from the Supreme Court the bank moved in the Circuit Court for judgment against him upon his bond. This was granted and the judgment was affirmed by the Court of Appeals, Fifth Circuit, in 56 Fed. 790, 6 C. C. A. 125.

In Empire, etc., Mining Co. v. Hanley, 136 Fed. 99, 69 C. C. A. 87, the Court of Appeals, Ninth Circuit, held to the same effect, though in that case it appears that the statute of Idaho, in which the case arose, authorized such judgment in the court from which the appeal was taken; but at pages 103, 104 of 136 Fed., pages 91, 92 of 69 C. C. A., cases are cited in support of the proposition that such judgment would be authorized in the absence of such a statute. See, also, Perry v. v. Tacoma Mill Co., 152 Fed. 116–119, 81 C. C. A. 333.

This proceeding is analogous to that of scire facias, a judicial writ at common law to revive judgments, or to obtain satisfaction thereof, from sureties upon bail or other recognizances taken in the proceedings in which the judgment is rendered. 3 Black, Com. 416–422; Owens v. Henry, 161 U. S. 642–645, 16 Sup. Ct. 693, 40 L. Ed. 837; Pullman's Palace Car Co. v. Washburn (C. C.) 66 Fed. 790; McGee v. Barber, 14 Pick. (Mass.) 212. When resorted to, it must be in the court having the record or recognizance upon which it is founded. Carnes v. Crandall, 4 Iowa, 151; Id., 10 Iowa, 377; Osgood v. Thurston, 23 Pick. (Mass.) 110; Chancellor v. Niles, Adm'r, 78 Ill. 78. The bond in question was given under the requirements of section 1000, Rev. St. U. S. (U. S. Comp. St. 1901, p. 712), and rule 13 of the Court of Appeals, this circuit (150 Fed. xxviii, and 79 C. C. A. xxviii), and is conditioned as there required:

"That the plaintiff in error shall prosecute his writ to effect, and answer all damages and costs if he fail to make his plea good. Such indemnity, where the judgment is for the recovery of money, not otherwise secured, must be for the whole amount of the judgment or decree, including just damages for delay, and costs and interest on the appeal."

The undertaking is, in effect, the same as in like bonds, under the state statute. It was taken and approved by the judge who allowed the writ of error and signed the citation, was filed in this court, and is a part of the record of this cause. The judgment is for the recovery of money, is not otherwise secured, was stayed by this bond, and upon the affirmance of the judgment the liability of the surety to the plaintiff became fixed for the full amount of the judgment stayed, with interest and costs. Catlett v. Brodie, 9 Wheat. 553, 6 L. Ed. 158; Jerome v. McCarter, 21 Wall. 17, 22 L. Ed. 515; Babbitt v. Finn, 101 U. S. 7–14, 25 L. Ed. 820; Davis v. Patrick, 57 Fed. 909, 6 C. C. A. 632; Wood v. Brown, 104 Fed. 203, 43 C. C. A. 474.

It is not the practice of the Supreme Court of the United States nor of the Court of Appeals of this circuit, upon affirming the judgment of a lower court, to enter a judgment anew in either of those courts, in actions at law at least; but their practice is to remand the cause to the lower court with directions "that such execution and proceedings be had in the said cause, as according to right and justice and the laws

of the United States should be had, the said writ of error notwithstanding." That has been done in this case. The undertaking of the surety company, presumably upon an adequate consideration, is that it will pay the plaintiff's judgment if it shall be affirmed; and why should it not be held equally liable with its principal, the railway company, for that judgment? Of course, if damages other than the amount of the judgment, with interest and costs, were sought to be recovered against it, which could not be accurately known by the court without an issue and trial in the ordinary way, there would be reason for such a trial to ascertain the amount of such damages; but where it is sought to be held only for the amount of the judgment, interest, and costs, which appear of record, no reason is preceived, other than to postpone the day of payment, why it should not be summarily required to perform its undertaking. It has prevented the plaintiff from issuing execution upon and collecting her judgment from the railway company, and, pending the hearing in the Court of Appeals, a court of equity has taken possession, and assumed control through its receivers, of all the property of the railway company, and the plaintiff is thereby further delayed at least, and it may be prevented entirely, from collecting her judgment. Under such circumstances, the surety company should respond at once to its undertaking, and it is certainly "according to right and justice" that it be summarily required to do so. A summary judgment by the Circuit Court against sureties upon a supersedeas bond after affirmance of the decree appealed from, for the rent of real property pending the appeal, was upheld by the Supreme Court in Woodworth v. Mutual Life Ins. Co., 185 U. S. 354, 22 Sup. Ct. 676, 46 L. Ed. 915, upon a question certified by the Court of Appeals of this circuit (Brown v. Insurance Co., 119 Fed. 148, 55 C. C. A. 654); but the question of procedure does not seem to have been raised, and is not considered in the opinion of either court.

It is suggested however, that it does not appear that the railway company is insolvent or unable to pay the judgment against it, and that the surety company is only liable upon its undertaking for such damages as may be caused by the delay in collecting the judgment. This contention is untenable. Smith v. Gaines, 93 U. S. 341, 23 L. Ed. 901; Babbitt v. Finn, 101 U. S. 7–14, 25 L. Ed. 820; Davis v Patrick, 57 Fed. 909, 6 C. C. A. 632; Wood v. Brown, 104 Fed. 203, 43 C. C. A. 474.

Finally, it is urged, in effect, that plaintiff has elected her remedy by filing her intervening petition in the receiver's suit of Humbird et al. v. Chicago Great Western Railway Company in this court, praying that the lien of her judgment upon the property of the railway company be recognized, and that the receivers be required to pay the same, and that she has thereby waived her right to proceed against the surety company on its undertaking. Surely this does not relieve the surety company from its obligation on the supersedeas bond, and is not available to it as a defense to its undertaking. Davis v. Patrick, 57 Fed. 909, 6 C. C. A. 632; Wood v. Brown, 104 Fed. 203, 43 C. C. A. 474

The motion for judgment against the Metropolitan Surety Company is therefore sustained, and a judgment may be entered accordingly.