## DEXTER, HORTON & CO. v. SAYWARD.

(Circuit Court, D. Washington, N. D. February 12, 1897.)

LIABILITY OF SURETIES IN APPEAL BOND.

An appeal bond in an action in which an attachment has been levied operates as security only for the costs of appeal, where there has been no impairment of the security by waste of the property, and no burdens accruing upon it by nonpayment of taxes.

Memorandum of Decision on Motion for Judgment against Sureties on Supersedeas Bond.

E. F. Blaine and E. C. Hughes, for plaintiff.

J. B. Howe, Alfred Battle, and Thomas Burke, for defendant and his sureties.

HANFORD, District Judge. In this action a writ of attachment was issued and levied upon property of the defendant to secure the judgment, and the judgment rendered by this court contained an order to sell the attached property, and apply the proceeds to payment of the debt. The attached property has been sold for sums aggregating a great deal less than the amount of the judgment, and the plaintiff has now applied by motion for a judgment against the sureties on the supersedeas bond for the amount of the penalty thereof, which is less than the deficiency. In the case of Hotel Co. v. Kountze, 107 U. S. 378–402, 2 Sup. Ct. 911, the supreme court of the United States decided that an appeal bond in a foreclosure suit in the courts of the United States does not operate as security for the amount of the original decree, but only for the costs of appeal and damages by deterioration of the security by waste of the property, and burdens accruing upon it by nonpayment of taxes, and loss by fire. That is so because the judgment is otherwise secured by a lien upon the mortgaged property. In the opinion of the court the statutes and rules, and previous decisions of the supreme court, and the practice of the courts in this country from colonial times, and the practice in England, were carefully reviewed. The case is entitled to recognition as an authority by reason of the great research and learning appearing in the opinion, as well as for the fact that it is a declaration of the law by the highest court of this country. In this case the judgment was otherwise secured by the lien of the attachment, which was not disturbed by the proceedings upon the writ of error. Therefore it comes fairly within the rule of the decision of the supreme court in the case cited, and I am constrained by that authority to deny the relief applied for, without considering the other grounds of opposition suggested by counsel representing the defendant and the sureties upon the bond. It is not shown that the security was impaired during the pendency of the case in the circuit court of appeals (19 C. C. A. 176, 72 Fed. 758) by waste or destruction of any part of the attached property, nor that it became burdened by accruing taxes. Therefore the sureties are only liable for the costs upon the writ of error. The motion will be denied unless the plaintiff shall elect to take a judgment for the amount of the costs taxed on the writ of error.