### BROWN v. NORTHWESTERN MUT. LIFE INS. CO. (two cases).

(Circuit Court of Appeals, Eighth Circuit. December 3, 1902.)

#### Nos. 1,424, 1,425.

1. APPEAL BOND—SUPERSEDING SALE OF REAL ESTATE—RENTS AND PROFITS RECOVERABLE AS DAMAGES.

The obligee in a bond which supersedes an order confirming a sale of real estate, and directs the immediate execution of a deed and delivery of possession thereof to the purchaser, is entitled, after that order has been affirmed on appeal, to recover as damages for the breach of the obligation of the bond the value of the use and possession; that is to say, in this case, the rents and profits of the real estate during the time the purchaser is kept out of the possession and use of the real estate by the supersedeas bond and the appeal in which it was allowed.

2. SAME—ANY JUDGE AUTHORIZED TO SIGN CITATION MAY APPROVE.

The appeal bond taken under Rev. St. §§ 1000, 1012 [U. S. Comp. St. 1901, pp. 712, 716], may be approved by any judge or justice who is

---

¶ 2. See Appeal and Error, vol. 2, Cent. Dig. § 2061.

authorized to sign the citation and to allow the writ of error or appeal. It is not essential to its validity that it be approved by the justice or judge who allows the writ of error or appeal or signs the citation.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Nebraska.

Appeal from the Circuit Court of the United States for the District of Nebraska.

John N. Baldwin, for plaintiffs in error and appellants.

Howard Kennedy, Jr., for defendant in error and appellee.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

SANBORN, Circuit Judge. These cases involve a summary judgment rendered in a foreclosure suit against the sureties on a supersedeas bond given on an appeal from an order confirming a sale under a decree of foreclosure. This judgment is assailed both by writ of error and by appeal. It is a judgment in the foreclosure suit, and can be challenged by appeal only. The writ of error is accordingly dismissed, and the case presented by the appeal is considered.

The serious question in the case was certified to the supreme court, and has been answered in the affirmative. It was:

"Is the obligee in a bond, which supersedes an order confirming a sale of real estate and directs the immediate execution of a deed and delivery of possession thereof to the purchaser, entitled, after that order has been affirmed on the appeal, to recover as damages for the breach of the obligation of the bond the value of the use and possession; that is to say, in this case, the rents and profits of the real estate during the time the purchaser is kept out of the possession and use of the real estate by the supersedeas bond and the appeal in which it was allowed?" Woodworth v. Insurance Co., 185 U. S. 354, 22 Sup. Ct. 676, 46 L. Ed. 945.

The record presents but one other matter: It is whether or not the bond is void because the judge who allowed the appeal and signed the citation did not approve the bond. It was subsequently approved by Hon. Amos M. Thayer, United States circuit judge for this circuit, who had authority both to allow the appeal and to approve the bond. Section 1000 of the Revised Statutes [U. S. Comp. St. 1901, p. 712], provides that:

"Every justice or judge signing a citation on any writ of error [and appeals are governed by the same rule; Rev. St. § 1012, (U. S. Comp. St. 1901, p. 716)] shall * * * take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and if he fail to make his plea good, shall answer all damages and costs where the writ is a supersedeas and stays execution, or all costs only when it is not a supersedeas as aforesaid."

The contention of the appellants' counsel is that this section of the statute must be literally construed, and that the bond is void because it was not approved by the justice or judge who signed the citation. But this interpretation of the statute is too narrow and technical. It ought to have, and has constantly received, a broader and more liberal construction,—the construction that the bond may be approved by any judge or justice who was vested with the power to sign the cita-

tion and to allow the writ of error or appeal in the first instance. Catlett v. Brodie, 9 Wheat. 553, 555, 6 L. Ed. 158; O'Reilly v. Edrington, 96 U. S. 724, 24 L. Ed. 659; Hudson v. Parker, 156 U. S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424. The judge who finally approved the bond had authority to do so, although he did not sign the citation, and the bond constituted a valid obligation of the sureties.

The judgment below must be affirmed, and it is so ordered.