PERRY et al. v. TACOMA MILL CO.

(Circuit Court of Appeals, Ninth Circuit. March 11, 1907.)

1. APPEAL AND ERROR—LIABILITY ON SUPERSEDEAS BOND—DEFENSES.

A claim that certain property was not that covered by a mortgage, as it was adjudged to be by a decree of foreclosure, cannot be set up in defense to an action on a bond given to supersede said decree pending an appeal therefrom, that question having been concluded by the decree.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4792–4794.]

2. EQUITY—MASTERS IN CHANCERY—LIABILITY FOR ACTS—MORTGAGE FORE-
CLOSURE—WRONGFUL SEIZURE OF PROPERTY.

In case property not embraced in a decree foreclosing a mortgage is
seized for sale by the master appointed to sell, such officer is liable to
the owner in trespass, or the owner may pursue any other appropriate
remedy in any proper court, subject to the limitation that while the
property is in the actual or constructive possession of the court under
whose process it was taken it cannot be interfered with by any other
court.

3. APPEAL AND ERROR—SUPERSEDEAS BOND—NATURE—BREACH—LIABILITY.

After the rendition of a decree foreclosing a mortgage certain property
was seized thereunder for sale. No application was made to the court
for the release of the property as not embraced in the mortgage and
decree, but a defendant obtained possession of it by taking an appeal
from the decree and giving a supersedeas bond conditioned that he would
hold the property "subject to the proper order and decree that may be
entered finally in said cause." The decree was affirmed, but pending the
appeal the property was destroyed by fire. *Held*, that such bond was a
forthcoming bond, and the obligors were liable thereon for the value of
the property as therein stated.

4. SAME—SUMMARY ENTRY OF JUDGMENT.

The court has power to enter a summary judgment on a supersedeas
bond given on appeal from a decree foreclosing a mortgage on personal
property for the value of such property, where, after affirmance of the
decree, it is not produced.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error,
§ 4778.]

Appeal from the Circuit Court of the United States for the Western
District of Washington.

Vance & Mitchell, for appellants.

James M. Ashton, for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON,
District Judge.

ROSS, Circuit Judge. A suit was brought in the court below by
the Tacoma Mill Company against George Lawler, George Lawler
doing business under the name of Sunset Lumber Company, A. P.
Perry, and others, to foreclose a mortgage executed by Lawler to
the plaintiff. A final decree of foreclosure was entered therein Octo-
ber 3, 1904, in and by which judgment in the aggregate amount of
$19,865.57 was given against George Lawler, and George Lawler
doing business as the Sunset Lumber Company, and foreclosing the
mortgage, which was thereby adjudged to cover:

"One complete double circular sawmill plant, capacity 40,000 feet per diem,
including all engines, boilers, saws, head-blocks, carriages, jackworks, shafts,
pulleys, belting, conveyors, trucks, dryhouses, buildings, and all machinery
and personal property of every kind, nature, and description used in and
about said sawmill, including all mill tools, trucks, platforms, and tramways;
also ten small portable houses for workmen, and two cookhouses with outfits
contained therein; also six horses, one cow, eight pigs, forty chickens, and
all cooking utensils, supplies of every kind and nature, together with all
leases, rights, and equities from the Northern Pacific Railway Company or
others to the ground and premises upon which said mill is located; two steam
logging engines, built by the Washington Iron Works at Seattle, Wash., and
now used in connection with the logging business of said mill in the timber
adjacent to said mill; the planer in said mill, together with all machinery

and personal property of every kind, nature, and description in and about said logging camp or in any manner connected therewith, and adjacent and tributary to said mill and operated in connection therewith, the said mill plant and all the property therein mentioned being located at what is known as 'Mackintosh Siding' on the shore of Clear Lake, and near or upon the right of way of the Northern Pacific Railway in Thurston county, state of Washington, the same being situate in section 23, township 16 north, range 1 west of the Willamette meridian, and all property in connection with said sawmill and logging plant at or near its said location, save and excepting only the manufactured lumber and logs, located at said mill and above named, be forthwith sold."

The decree contained these further provisions:

"That the sale be conducted by and under the supervision of the Hon. Warren A. Worden, master of this court, and with his approbation and in accordance with this decree and the act of Congress and rules of this court in such cases made and provided, and that upon the filing of the master's report of said sale and the confirmation thereof, and upon a proper instrument or bills of sale being executed and delivered by said master, the purchaser or purchasers at said sale be let unto (into) the immediate possession of any property so purchased, and said master is hereby directed to so place said purchaser or purchasers in possession, and in the event of possession being withheld by the said A. P. Perry, or any defendant herein, or their privies, or any one coming into possession thereof since, or claiming same under a right accruing since the commencement of this suit, the clerk of this court is hereby directed to issue a writ of assistance against any parties so withholding possession, and the United States marshal for the District of Washington shall execute said writ.

"It is further ordered, adjudged, and decreed that the defendant A. P. Perry, and all of the defendants herein, and all persons whomsoever, are hereby, and each of them is hereby, together with his employés, attorneys, servants, and agents, restrained and enjoined from in any manner interfering with the purchaser in the exercise of his right to the immediate possession and use of said property as such purchaser; and, the plaintiff having specially moved therefor, this court doth further order, adjudge, and decree that the said A. P. Perry, the defendant herein, and all other persons and their employés, agents, and servants be, and they are hereby, enjoined and restrained from destroying, removing, altering, changing, or in any manner taking away from the premises upon which said property is now located any part of the same pending the sale hereinbefore directed and the delivery of said property to the purchaser or purchasers thereof, and if, in the opinion of said master. there is danger of said property or any of it being removed or injured pending said sale and the purchaser or purchasers being placed in possession thereof, he is hereby authorized to take and safely keep said property, or any part thereof (pending said sale, confirmation, and the taking of possession by the purchaser or purchasers), without further order from this court so to do.

"That the defendants herein, A. P. Perry, Charles E. Hill, and National Bank of Commerce of Tacoma, and each and all of them, and each and all of their attorneys, agents, employés, successors in interest, or assigns be, and they are hereby, forever barred and foreclosed from and out of all right, title, and interest of any kind or character whatsoever in and to or growing out of the mortgaged property hereinbefore described."

Perry was not a party to the mortgage, but set up in defense of the suit ownership in himself of a large part of the property adjudged by the court to be covered by the mortgage, and therefore appealed to this court from the decree, and gave a supersedeas bond in the sum of $12,000, with his present co-appellant as surety, the condition of which bond is as follows:

"The condition of the above obligation is such that whereas, on October 3, 1904, a decree was entered and signed in above cause ordering and directing a foreclosure of one certain mortgage described in the pleadings herein, and whereas, A. P. Perry, principal herein, and defendant in said cause, is desirous of prosecuting an appeal from said decree to the Circuit Court of Appeals of the United States from the said decree and has on this 3rd day of October, 1904, given notice of appeal from the said decree and every part thereof, and whereas, the said A. P. Perry, principal herein and defendant in above cause, is desirous of superseding, setting aside and vacating the said decree so entered pending said appeal to the Circuit Court of Appeals of the United States:

"Now, therefore, if the said A. P. Perry, principal herein, shall well and truly prosecute the said appeal and shall pay all costs and damages that may be adjudged against him by reason of the said appeal or the dismissal thereof, and if the said A. P. Perry, principal herein, shall hold all of the property levied on and seized by the United States marshal and the master in chancery under and pursuant to said decree subject to the proper order and decree that may be entered finally in said cause by said Circuit Court of Appeals of the United States, and shall not waste or destroy any part thereof but shall hold the same as above said, subject to the order and disposition of this court or of said Circuit Court of Appeals, then this obligation shall be null and void, otherwise it shall have full force and effect."

Upon the giving of this bond the proceedings initiated for the sale of the property claimed by Perry were suspended, and the property left in his possession. His appeal was subsequently dismissed by this court, leaving the decree of October 3, 1904, in full force and effect. Upon the going down of the mandate from this court the complainant in the case moved the court below for summary judgment against Perry and his surety for the amount of the penalty stated in the bond. A rule to show cause why such judgment should not be entered was issued and served upon the obligors of the bond, to which rule both of them made return, by motion to quash and demurrer, and, after a denial of the motion and the overruling of the demurrer, by answer to the merits, by which answer they alleged in effect that the only part of the mortgaged property held by Perry was one engine and one edger, which were held by him subject to the mortgage, and that upon the hearing of the foreclosure cause Perry "offered to prove and did prove that the articles described in the mortgage herein and the plaintiff's bill were not in his possession at any of said times, and had not been." The appellants, in their answer to the rule to show cause, further set up that immediately after the entry of the decree of foreclosure of October 3, 1904, the master of the court below, "notwithstanding the testimony introduced and uncontroverted in this court at the taking of testimony herein," under and by virtue of the decree of foreclosure took possession of a certain mill and all of its contents, alleged by the appellants to have been the property of Perry, "claiming that the said mill, together with all of its contents and articles described in the said mortgage, and as well taking possession of all shops, bunkhouses, stables, offices, and paraphernalia of any, every, and all kind situated on the said premises of this defendant; and that the said commissioner, by procurement of plaintiff herein, and acting under the guise and color of the said described decree, did oust this answering defendant from possession of his said premises, did interfere with the operation of his said mill and close up and injuriously impede the conduct of his

said business at said time, notwithstanding the protest and declaration of this defendant formally and lawfully made to said acts; that at the time of the entry of the said commissioner upon the said premises and his doing of the acts immediately above described at and by the procurement of plaintiff herein, the plaintiff, its officers, agents and employés well knew that the property so situated upon the premises of this answering defendant at said place and taken possession of by said commissioner, as above described, was not the property described in the mortgage herein and that the said mortgaged property was not in the possession of this answering defendant, and had not been and was not at the time of the institution of these proceedings; that the acts of the said commissioner and master in chancery in so entering the premises of defendant and in doing the things above described were unlawful, and that the procurement to their so being done by plaintiff herein was unlawful, was a trespass and was without warrant in law, all of which things were well known to plaintiff at the time of their doing." The answer then states that to obtain a release of the property so seized by the master under and by virtue of the decree, for the purposes of sale in accordance with its provisions, the supersedeas bond in question was given, and that shortly after the property was returned to Perry it was totally destroyed by fire.

We agree with the court below that the matters set up in respect to the ownership and identity of the property, and as to whether it was covered by the mortgage, constitute no defense to the present proceeding. It is admitted by the appellants that it was claimed by the plaintiff in the suit to be embraced by the mortgage and the decree of foreclosure, and that it was seized by the master under and by virtue of the decree, for sale thereunder, and that to release it from such sale, and to secure its return to Perry, the supersedeas bond was given. Appellant Perry had an opportunity to contest, on the trial of the foreclosure suit, the question whether the property was covered by the mortgage, and apparently did so without success. And if any of his property, not embraced by the final decree of foreclosure, was seized by the court's officer thereunder, the latter was liable to such owner for such illegal seizure "in trespass, or to any other legal remedy, at the suit of the party injured, in any proper court, with this limitation: that no such court can be permitted to interfere with the property while it is in the actual or constructive possession of the court under whose process it was taken." St. Paul, M. & N. Railway Co. v. Drake, 72 Fed. 945–948, 19 C. C. A. 252.

In the present case the property in question was seized and held for sale by an officer of the court below under and by virtue of its final decree of foreclosure. No application was made to the court for a release of the property by Perry, but, instead, he undertook to supersede the decree, and to cause the return of the property to him, by a bond conditioned that he (the appellant Perry) would hold the property "subject to the proper order and decree that may be entered finally in said cause by said Circuit Court of Appeals of the United States, and shall not waste or destroy any part thereof, but shall hold the same as above said, subject to the order and disposition of this court or of said Circuit Court of Appeals." We think the court below was clearly

right in holding the obligation a forthcoming bond, and, the property having admittedly been totally destroyed by fire, in holding the obligors liable for its value as therein stated. Omaha Hotel Co. v. Kountze, 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609; Dexter v. Sayward (C. C.) 79 Fed. 237; Mahlman v. Williams, 12 S. W. 335, 89 Ky. 282; Hinkle v. Holmes, 85 Ind. 405. The power of the court, to enter summary judgment upon a similar bond given in a foreclosure suit was affirmed by the Circuit Court of Appeals of the Eighth Circuit, in the case of Brown v. Northwestern Mutual Life Ins. Co., 119 Fed. 148, 55 C. C. A. 654, and in the same case by the Supreme Court under the title of "Woodworth v. Mutual Life Ins. Co.," 185 U. S. 354, 22 Sup. Ct. 676, 46 L. Ed. 945. See, also, Johnson v. Elevator Co., 119 U. S. 388, 7 Sup. Ct. 254, 30 L. Ed. 447; Moore v. Huntington, 17 Wall. 417, 21 L. Ed. 642; Blossom v. R. R. Co., 1 Wall. 655, 17 L. Ed. 673; Bank v. Gordon (C. C.) 53 Fed. 471; Gordon v. Bank, 56 Fed. 790, 6 C. C. A. 125; Pullman Palace Car Co. v. Washburn (C. C.) 66 Fed. 790.

The judgment is affirmed.