### PERRY v. LONDON ASSUR. CORPORATION.

(Circuit Court of Appeals, Ninth Circuit.　February 1, 1909.)

No. 1,621.

INSURANCE (§ 282*)—AVOIDANCE OF POLICY FOR BREACH OF CONDITIONS—MISREPRESENTATION AS TO TITLE AND INCUMBRANCES.

　　Policies of insurance on sawmill property, machinery, etc., contained the usual provision that they should be void if any misrepresentation was made as to the title or ownership of the property, if it should be incumbered by any mortgage, or if there should be any fraud or false swearing either before or after any loss. The insured represented the property to be free of incumbrance, and in proofs made after a loss swore that there had been no change in the title or possession of the property since the issuance of the policies. In fact there had been a decree foreclosing a chattel mortgage on the property, and an order of sale, under which the master had taken possession of the property, and the insured had taken an appeal from such decree, and had given a supersedeas bond, in which he stipulated that the property should be held by him subject to the order of the appellate court, which subsequently affirmed the decree of foreclosure. *Held*, that the policies were avoided by a breach of their conditions.

　　[Ed. Note.—For other cases, see Insurance. Cent. Dig. §§ 601–635; Dec. Dig. § 282.*]

In Error to the Circuit Court of the United States for the Western Division of the Western District of Washington.

The pleadings of the parties present the questions to be decided. From those pleadings these, among other, facts appear:

The action was upon three certain policies of insurance, all of which were issued in pursuance of an arrangement made between the parties in the month of June, 1904, when the first of the policies was issued. Each of the policies contain, among others, these conditions: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

thereof, or if the interest of the insured in the property be not truly stated therein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss. * * * This entire policy * * * shall be void * * * if the hazard be increased by any means within the control or knowledge of the insured, * * * or if the interest of the insured be other than unconditional and sole ownership, * * * or if the insurance be personal property and be or become incumbered by a chattel mortgage, or if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed, or if any change other than by the death of an [the] insured take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise."

Each of the policies also contain this clause: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this corporation shall have power to waive provision of condition of this policy, except such as by terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such provision or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The plaintiff paid the defendant a premium of $390 on the first policy, and a premium of $150 on each of the other two, all of which were issued upon the representation of the plaintiff that the property covered by them was not mortgaged. The property insured consisted of a certain sawmill, with the appurtenant and incidental buildings, tramways, engines, boilers, and other machinery and fixtures, all of which property was involved in a certain suit brought in the court below in the year 1903, by the Tacoma Mill Company, a corporation, against the plaintiff in the present action, wherein the Tacoma Mill Company sought to foreclose a certain chattel mortgage executed to that company on the 14th day of May, 1900, by one George Lawler, in which foreclosure suit Perry appeared and answered, and set up in defense that the property upon which he subsequently obtained the insurance here in question was not covered by the mortgage executed by Lawler to the Tacoma Mill Company. But the court below, in the foreclosure suit, adjudged that it was, and entered a decree directing the sale of the said property to satisfy the said mortgage, attorney's fees, and costs, and further directed such sale to be made by and under the supervision of its master in chancery, in pursuance of which decree, and of an order of sale issued by virtue of it, on the 3d day of October, 1904, the said master levied upon the property covered by the insurance policies here in question, dispossessed the said A. P. Perry thereof, and as such master took actual and physical possession of the property, and placed it in charge of a custodian by him appointed, and gave due notice that he would, in pursuance of the said decree and order of sale, on the 7th day of November, 1904, at the hour of 11 o'clock a. m., sell the said property at public auction to the highest bidder.

Subsequently, to wit, October 7, 1904, Perry took an appeal from the aforesaid decree of foreclosure to this court, filing, among other things, in the court below, a supersedeas bond, wherein he agreed, among other things, as follows: "Now, therefore, if the said A. P. Perry, principal herein, shall well and truly prosecute the said appeal, and shall pay all costs and damages that may be adjudged against him by reason of said appeal, or the dismissal thereof, and if the said A. P. Perry, principal herein, shall hold all of the property levied on and seized by the United States marshal and the master in chancery under and pursuant to said decree subject to the proper order and decree that may be entered finally in said cause by said Circuit Court of Appeals of the United States, and shall not waste or destroy any part thereof, but shall hold the same, as above stated, subject to the order and disposition of this

court, or of the said Circuit Court of Appeals, then this obligation shall be null and void, otherwise it shall have full force and effect."

While the said appeal was pending, and the said supersedeas bond was in full force and effect, all of the property covered by the policies of insurance was destroyed by fire. In November, 1904, Perry represented to one Thornton, an adjuster of the defendant company, that there was no mortgage or incumbrance upon the insured property at the time of its destruction, and in his proofs of loss, which were delivered to the defendant, and which proofs were duly verified by Perry on November 26, 1904, he stated, among other things, this: "That there had been no changes in the title, use, occupation, location, possession, or exposures of said property since the issuance of said policies, and that no incumbrances existed on any portion of the premises or property at the date of said fire."

On or about December 19, 1904, and prior to the commencement of the present action, a writ of garnishment was issued out of the court below in the foreclosure suit of the Tacoma Mill Company against Perry, and served upon the defendant insurance company, which writ recited that the Tacoma Mill Company had recovered a judgment against Perry in the sum of $1,000, besides interest and costs, and which said writ of garnishment required the defendant company to appear in the court below and there answer upon oath what, if anything, it owed Perry when the said writ was served upon it, and what personal property or effects, if any, of the said Perry, it had in its possession or under its control, which garnishment proceedings are still pending, and the judgment upon which they are based is still unpaid.

The defendant company, contending that the policies in suit were void from the beginning by reason of the representations made by the insured to it, and by reason of the breach of their conditions, admits and concedes that Perry is entitled to receive back the $520 paid to it as premiums upon the first and third policies issued, and avers that it would have tendered the same to him, and would have brought the said premiums into court, but for the aforesaid garnishment proceedings, and is ready, and willing, and able to pay the same "to the said A. P. Perry, or to the said Tacoma Mill Company under said garnishment for the said A. P. Perry, as the facts, and the law, and the rights of the parties, respectively, may be determined."

Vance & Mitchell and J. W. Robinson, for plaintiff in error.

H. T. Grainger, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). Although the plaintiff in error, in his reply to the defendant's answer filed in the court below, denied that the property insured was covered by the mortgage foreclosed in the suit of the Tacoma Mill Company against Perry, his pleading admitted that the property covered by the policies in suit was taken from him under and by virtue of the process of the court in the foreclosure suit as property embraced by the decree of foreclosure, and that he recovered possession from the court's officer by giving a supersedeas bond in connection with an appeal to this court from the decree, by which bond he obligated himself, among other things, to hold the property "subject to the proper order and decree that many be entered finally in said cause." He so held it at the time of its destruction by fire. It was adjudged by the court below and by this court, in the foreclosure suit, that the bond so given by Perry was a forthcoming bond. 152 Fed. 115, 81 C. C. A. 333. By its execution Perry subjected the insured property to the satisfaction of the mortgage there in suit, in the event it should be finally adjudged

**to** have been embraced by that mortgage. It was so finally adjudged in the case referred to.

Moreover, it appears from the pleadings that in the verified proofs of loss furnished the defendant company by Perry he stated "that there had been no change in the title, use, occupation, location, possession, or exposure of said property since the issuance of said policies, and that no incumbrances existed on any portion of the premises or property at the date of said fire"; whereas, it distinctly appears from the pleadings that, intermediate the issuance of the first and last policies sued on, the physical possession of the property insured was taken from Perry by the master in chancery, and subsequently held for a time by a custodian appointed by the master, which possession was regained by Perry by virtue of the forthcoming bond executed by him, after the giving of which he held the property subject to the court's decree that it be sold for the payment of the mortgage indebtedness.

We agree with the court below that the policies were avoided by a breach of their conditions by the plaintiff. That by the acceptance of the policies he assented to all of the conditions therein expressed, and that the defendant company is entitled to stand upon the terms of the contracts as written is the well-established law. Northern Assurance Co. v. Grand View Building Association, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213.

The judgment is affirmed.

NOTE.—The following is the opinion of Hanford, District Judge, in the court below.

HANFORD, District Judge. This action is founded upon three policies insuring property against loss by fire. The policies are annexed to the complaint, and the execution and delivery thereof admitted by the defendant, and it is admitted that the property insured, consisting of a sawmill plant, was destroyed by fire within the time covered by the policies, and that the defendant received the premiums. By its answer the defendant pleads affirmatively that the policies are conditional, and that they are void ab initio by reason of breaches of the conditions. The plaintiff served upon the attorneys for the defendant a reply, but has neglected to file the same. The defendant has filed a motion for judgment on the pleadings, which refers to the reply as though it were a part of the record, and I have accordingly given it consideration. By expressly admitting, or failure to traverse the same, the following allegations of the answer are fully admitted:

"(2) That all three of the policies of insurance referred to and set out in plaintiff's complaint were issued by the defendant in pursuance of an arrangement by and between the plaintiff and the defendant, about the month of June, A. D. 1901, at the time when the first policy of insurance was issued by the defendant to the plaintiff.

"(3) That each and all of the three policies of insurance referred to in plaintiff's complaint, amongst other things, provided as follows: 'This entire policy shall be void if the hazard be increased by any means within the control or knowledge of the insured, or if the interests of the insured be other than unconditional and sole ownership, or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage, or if, with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed, or if any change other than by the death of the insured takes place in the interest, title, or possession of the subject of insurance (except change of occupancy without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise.' * * *

"(5) That on or about July 1, A. D. 1903, the Tacoma Mill Company, a corporation, of Tacoma, Wash., commenced an action in the United States Circuit Court of the District of Washington, Western Division, against A. P. Perry, the plaintiff herein, wherein the said Tacoma Mill Company sought to foreclose the said chattel mortgage hereinbefore referred to, given and executed to the said Tacoma Mill Company by the said George Lawler; that on or about August 3, A. D. 1903, the plaintiff herein, A. P. Perry, appeared in said foreclosure proceedings, and on or about December 26, A. D. 1903, filed his answer in said foreclosure proceedings as a defendant therein; that the said cause in due course of proceedings proceeded to trial, and that on or about October 3, A. D. 1904, the said United States Circuit Court of the District of Washington, Western Division, made and entered in said cause of Tacoma Mill Company against A. P. Perry, its decree of foreclosure, in which decree the said court adjudged that the said mortgage hereinbefore referred to, dated May 14, A. D. 1900, and executed by George Lawler to the Tacoma Mill Company et al., was a valid and subsisting lien upon the property therein described; * * * that said United States Circuit Court further adjudged and decreed that the said George Lawler's mortgage should be foreclosed, and that the property therein described, together with all of its appurtenances, should be sold for the satisfaction of said mortgage; that said United States Circuit Court further ordered, adjudged, and decreed, in said cause, that there was due upon the said George Lawler mortgage the sum of eighteen thousand eight hundred fourteen dollars and fifty-five cents ($18,814.55), together with attorney's fees in the sum of nine hundred forty dollars and seventy cents ($940.70), and costs and disbursements in said action in the sum of one hundred ten dollars and thirty-two cents ($110.32); that said United States Circuit Court in said cause further ordered and decreed that a sale of said property should be conducted by and under the supervision of the Honorable Warren A. Worden, master in chancery of the said United States Circuit Court.

"(6) That in pursuance of said decree of the said United States Circuit Court, and also in pursuance of a writ of sale issued under and by virtue of said decree and out of said court, on October 3, 1904, the said Warren A. Worden, on or about the 4th day of October, A. D. 1904, levied upon the said mill plant, together with the fixtures, appurtenances, machinery, tools, and other property connected therewith, being the property covered by and described in the said policies of insurance as the property of the said A. P. Perry, and that the said Warren A. Worden, as master in chancery of the said United States Court for the District of Washington, Western Division, on or about October 4, A. D. 1904, gave notice, as required by said decree and the laws of the United States, that he as such master in chancery, and in pursuance of said decree and writ of sale, would, on the 7th day of November, A. D. 1904, at the hour of 11 o'clock in the forenoon of said day, sell at public auction to the highest bidder the said sawmill plant, with its appurtenances, fixtures, machinery, and tools, the same being the property described in and covered by each of the said three policies of insurance.

"(7) The said master in chancery, in pursuance of said decree and writ of levy, on or about October 4, A. D. 1904, caused due and legal notice of said sale to be given by publishing said notice in the Weekly Olympia Recorder, a newspaper published in the city of Olympia, Thurston county, Wash., as provided by law.

"(8) That subsequently and on or about the 7th day of October, A. D. 1904, the said A. P. Perry, a defendant in the said above-entitled cause of Tacoma Mill Company against A. P. Perry, gave notice of his appeal from said decree to the Circuit Court of Appeals of the United States, and also executed and filed in said cause in said United States Circuit Court his certain appeal bond and supersedeas bond wherein the said A. P. Perry agreed, amongst other things, as follows, to wit: "Now, therefore, if the said A. P. Perry, principal herein, shall well and truly prosecute the said appeal, and shall pay all costs and damages that may be adjudged against him by reason of said appeal or the dismissal thereof, and if the said A. P. Perry, principal herein, shall hold all of the property levied on and seized by the United States marshal and the master in chancery under and pursuant to said decree, subject to the

proper order and decree that may be entered finally in said cause by said Circuit Court of Appeals of the United States, and shall not waste or destroy any part thereof, but shall hold the same as above stated, subject to the order and disposition of this court, or of said Circuit Court of Appeals, then this obligation shall be null and void; otherwise it shall have full force and effect.'

"(9) That on or about October 3, A. D. 1904, when the said master in chancery levied the said writ for the sale upon said described property, he took actual and physical possession thereof, and as such master in chancery dispossessed the said A. P. Perry of possession thereof, and placed the actual possession of said property in a custodian thereof, thereunto duly appointed by the said master in chancery.

"(10) The defendant further alleges that the said supersedeas and appeal bond herein referred to was in full force and effect at the date of the destruction of said property by fire, as alleged in plaintiff's complaint, and that the said bond is still in full force and effect.

"(11) That the fact of the commencement of and the trial of the said cause of Tacoma Mill Company v. A. P. Perry, together with the fact of the entry of said decree of said court in said cause, and the levy of said writ of sale upon said property, and the taking possession thereof by the said master in chancery, and the placing in possession thereof a custodian by the said master in chancery, and the giving of said notice of sale, together with the fact of the publication of said notice of sale, were all known to the said A. P. Perry at the times, respectively, of the occurrence thereof; * * * that all three of said policies were issued in pursuance of an arrangement made therefor by and between the plaintiff and the defendant in the month of June, A. D. 1904."

"(2) That amongst other things, the said policies, and each thereof, provides as follows: 'This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.'

"(3) That in the month of June, A. D. 1904, and prior to the issuance of any of the policies sued upon in this cause, or either thereof, * * * the plaintiff, A. P. Perry, stated to the defendant and its agents that the property described in said insurance policies was not mortgaged. * * *

"(4) That on or about November 22, 1904, the said A. P. Perry * * * stated and represented to A. W. Thornton, the said A. W. Thornton at the time being the adjuster acting for this defendant, that there was no incumbrance or mortgage upon the said insured property at the time of the destruction thereof by the fire referred to in plaintiff's complaint. * * *

"(5) That on or about November 26, A. D. 1904, the said A. P. Perry made his certain proofs of loss, which said proofs of loss were delivered by the said A. P. Perry to this defendant for the purpose of inducing this defendant to pay to the said A. P. Perry the amount which the said plaintiff claimed under and by virtue of said policies of insurance and the fire referred to in plaintiff's complaint, and which said proofs of loss, and each thereof, were duly sworn to and verified by the said A. P. Perry, before a notary public on November 26, A. D. 1904; that in said proofs of loss, and each thereof, so sworn to and furnished to this defendant as aforesaid, the said A. P. Perry stated, amongst other things, as follows: That there had been no change in the title, use, occupation, location, possession, or exposures of said property since the issuance of said policies, and that no encumbrances existed on any portion of the premises or property at the date of said fire. * * *"

"(1) That on or about the 19th day of December, A. D. 1904, and prior to the commencement of this action, a certain writ of garnishment issued out of the United States Circuit Court of the District of Washington, Western Division, in cause No. 860 of said court, said cause being entitled 'Tacoma Mill Company, Plaintiff, v. A. P. Perry, Defendant,' was served upon this defendant, which said writ of garnishment recited that the said Tacoma Mill Company had recovered a judgment against the said A. P. Perry in the sum of one thousand dollars ($1,000.00), besides interest and costs of suit in the Circuit

Court of the United States for the District of Washington, Western Division, and which said writ of garnishment notified this defendant to appear in said court and there answer upon oath what, if anything, it was indebted to the said A. P. Perry when the said writ of garnishment was served upon it, and what personal property or effects, if any, of the said A. P. Perry, it had in its possession or under its control, when said writ was so served.

"(2) The defendant further alleges that the said garnishment proceedings are still pending against this defendant as a garnishee defendant in said cause, and the defendant is informed and believes, and so alleges the fact to be, that the judgment upon which said writ of garnishment was based was, at the time of the commencement of this action, and still is, unpaid.

"And for a further answer, and in connection with and as a part of the foregoing affirmative defenses, the defendant states:

"(1) That the plaintiff paid to this defendant, as the premium upon the policy of insurance referred to in the first count of plaintiff's complaint, the sum of three hundred and ninety dollars ($390.00), and the defendant further alleges that the plaintiff paid to this defendant, as the premium upon the policy of insurance referred to in the third cause of action set out in plaintiff's complaint, the sum of one hundred and thirty dollars ($130.00), and this defendant here admits and concedes that the said A. P. Perry, plaintiff herein, is entitled to receive from this defendant the sum of five hundred and twenty dollars ($520.00), being the amount so paid to this defendant as premiums upon said policies; the said policies being void from their inception, for the reasons hereinbefore stated.

"(2) That this defendant would have heretofore tendered the said sum of five hundred and twenty dollars ($520.00) to the said A. P. Perry, and would now bring said sum into this court in this cause, and deposit the same as a tender for the use and benefit of the said A. P. Perry, but for the fact, as the defendant alleges, that on or about December 19, A. D. 1904, a writ of garnishment issued out of the Circuit Court of the United States for the District of Washington, Western Division, in cause No. 860, being Tacoma Mill Company v. A. P. Perry, was served upon this defendant, wherein it was stated that the said Tacoma Mill Company held a judgment against the said A. P. Perry for the sum of one thousand dollars ($1,000), besides interest and costs, and which said writ of garnishment commanded this defendant to appear in said Circuit Court of the United States then and there to answer upon oath, what, if anything, it was indebted to the said A. P. Perry when the said writ of garnishment was served upon it. And defendant alleges that said garnishment proceedings are still pending in said court, and that the said judgment upon which writ of garnishment was issued is still unpaid, and this defendant is ready and willing, and at all times since the said garnishment has been ready and willing, and able, to pay the said sum of five hundred and twenty dollars ($520.00) to the said A. P. Perry, or to the said Tacoma Mill Company, under said garnishment for the said A. P. Perry, as the facts and the law and the rights of the parties respectively may be determined."

The reply contains no affirmative plea in avoidance of the facts confessed, except in running comments interwoven with its admissions and denials, which merely suggest a dispute as to whether the property mortgaged was the identical property insured, and as to whether the court which rendered its decree in the case of the Tacoma Mill Company against the plaintiff, in which case the mortgage was foreclosed, had jurisdiction. By the rules of pleading all these affirmative statements of the reply should be treated as surplusage, and the same would be disregarded if the case were to be submitted to a jury upon issues to be decided: but upon this motion for judgment on the pleadings every material fact alleged by the plaintiff, whether in proper form or otherwise, will be considered, for the reason that mere formal defects may be cured by amendments.

Each of the policies contains the following clause: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed or added hereto, and no officer, agent, or other representative of this corporation shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of this agreement

indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power, or be decreed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto. Nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." The policies speak for themselves. Each is a conditional contract in writing, by acceptance of the policies the plaintiff assented to all the conditions therein expressed, and the defendant has a legal right to stand upon the terms of the contracts as written. Northern Assurance Company v. Grand View Building Association, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213.

By these policies the defendant did not insure mortgaged property. By a decree of this court in a case to which the plaintiff was a party, a mortgage upon a sawmill then in possession of the plaintiff was foreclosed, and pursuant to that decree the property insured was seized and the plaintiff dispossessed. By the reply he denies that the property insured was covered by the mortgage; but he expressly admits that the property insured was seized by an officer of the court pursuant to its process, and that he regained possession by giving a forthcoming bond in connection with an appeal from the decree, by which bond he obligated himself to hold the property "subject to the proper order and decree that may be entered finally in said cause." And he held the property subject to that litigation at the time of its destruction by fire. In a subsequent proceeding it was adjudged that the supersedeas bond was a forthcoming bond, and that by his failure to apply to the court for a release of the property after seizure thereof, or take other appropriate proceedings to contest the question as to the identity of the mortgaged property, the plaintiff became estopped from disputing the identity. Perry v. Tacoma Mill Co., 152 Fed. 115, 81 C. C. A. 333.

I hold that the question as to the identity of the property cannot be litigated in this case, for the reason that the property insured is admitted to have been seized under judicial process, and advertised for sale pursuant to a mortgage, and the course of procedure in that litigation resulted in the plaintiff becoming estopped to further contest against the mortgagee the question as to the identity of the property and whether it was or not subject to the mortgage. The judgment in the foreclosure suit, and the decision of the appellate court, above cited, determined absolutely the rights of the mortgagee and this plaintiff, respectively, with respect to the property which was seized, which is admitted to be the identical property covered by the policies now in suit, and of that decision this court is bound to take judicial notice. The mortgagee having prevailed in litigation with this plaintiff as I have indicated, he cannot now be heard to say in this action that the property insured was not mortgaged at the time when the insurance was written; and, as the defendant did not insure mortgaged property, the policies were void ab initio as the defendant asserts. No facts are alleged or suggested which in any way impair the jurisdiction of the court to foreclose the mortgage.

It is unnecessary to discuss other questions. For the reasons above stated, the motion for judgment on the pleadings will be granted; and upon the bringing into court the amount of premiums admitted to have been received, to be disbursed by the court when the garnishment proceedings referred to shall have been determined, the case will be dismissed.