## TARR et al. v. ROSENSTEIN et al.

### (Circuit Court of Appeals, First Circuit. October 19, 1892.)

### No. 34.

**1. SUPERSEDEAS BOND—LIABILITY ON.**

A supersedeas bond, conditioned according to the statute for prosecuting an appeal with effect and answering all damages and costs, covers, not merely compensation for the delay arising from the appeal, but also the amount of the decree appealed from, so far as the latter directs the payment of money by appellant to appellee. 51 Fed. Rep. 368, affirmed.

**2. SAME—INTEREST—MONEY DEPOSITED IN COURT.**

But in an action on the bond neither the principal nor sureties can be mulcted beyond what was adjudged as the result of the appeal; and where a sum deposited in court by a receiver was there retained pending an appeal, and no provision was made for interest thereon in the mandate or the decree entered in pursuance thereof, no such interest could be recovered in an action on the supersedeas bond. 51 Fed. Rep. 368, affirmed.

**3. SAME—LIABILITY OF SURETIES—EFFECT OF TRUSTEE PROCESS.**

A decree for the payment of money by defendant to complainant was affirmed on appeal, and the decree entered in pursuance of the mandate allowed interest from the date of the appeal. Notice was at once given to the sureties on the supersedeas bond that plaintiff looked to them for payment of the decree. Two days later the sureties were summoned as trustees in a suit against the plaintiff, but gave no attention to the same, and were defaulted therein. *Held* that, as they were in actual personal default to plaintiff from the date of receiving the notice, they could not escape payment of interest to him because of the trustee process, especially as they did not set aside and cause to remain idle any fund to meet the decree or the judgment in the trustee action. 51 Fed. Rep. 368, affirmed.

**4. SAME—FEDERAL AND STATE COURTS.**

No restraint or embarrassment can lawfully be put on the enforcement of judgments or decrees of the federal courts by means of trustee process issued by a state court; and, as execution could have issued against the principal debtor upon the decree entered in pursuance of the mandate, the enforcement of such decree against his sureties could not be prevented by the trustee suit, for, while execution could not have gone against them, they were so intimately connected with him as to stand in the same position. 51 Fed. Rep. 368, affirmed.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by Julius W. Rosenstein and others against Robert Tarr, principal, and William C. Dolliver and John S. Dolliver, sureties, on a supersedeas bond. Judgment for plaintiffs. See 51 Fed. Rep. 368, where a full statement of the facts will be found. Defendants bring error. Affirmed.

Benjamin F. Butler and Eugene J. Hadley, (Eugene J. Hadley, of counsel,) for plaintiffs in error.

William F. Slocum and Winfield S. Slocum, for defendants in error.

Before COLT, Circuit Judge, and NELSON and WEBB, District Judges.

PER CURIAM. We agree with the learned circuit judge who decided this case in the court below, for the reasons stated in his opinion, that the trustee proceedings afford no ground for withholding from the defendants in error the benefit of the supersedeas bond, and that they are entitled to interest on the full amount of the decree entered June 28, 1890, without deduction on account of the trustee proceedings. Judgment affirmed, with interest and costs.