UNITED STATES HOG–HOISTING MACH. CO. v. NORTH PACKING & PROVISION CO.

(Circuit Court of Appeals, First Circuit. January 14, 1908.)

No. 728.

PATENTS—INFRINGEMENT—HOG-HOISTING MACHINE.

The Mahoney patent No. 441,311 for a hog-hoisting machine, if conceded valid, is for an invention of minor character relating to a combination of mechanical details, and is entitled to but a narrow range of equivalents; and, so construed, *held* not infringed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Benjamin Phillips (Alfred H. Hildreth and Michael F. Farrell, on the brief), for appellant.

William K. Richardson (J. Lewis Stackpole, on the brief), for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a bill alleging infringement of the first claim of a patent No. 441,311, for an invention of a hog-hoisting machine, issued to Dennis C. Mahoney on November 25, 1890, according to an application filed on November 25, 1889. The claim is as follows:

"1. In a hog-raising machine, in combination, a slanting rail held by suitable supports, a machine provided with bars which are raised and lowered as described, a double hook having one crook bent backward and arranged upon one of the bars of said machine, and the other crook bent forward and provided with a lip, whereby on being raised by said machine and being brought in contact with said slanting rail the said crook may slip upon said rail without jarring any weight attached to said hook, all substantially as described, and for the purpose set forth."

The Circuit Court dismissed the bill.

It will be noticed that the claim includes bars "raised and lowered as described." The description to which this refers, found in the specification, states that the bars are raised by parallel endless chains, and move on lines parallel to the slanting rail. The differences between this device and that in use by the respondent are sufficiently explained in the opinion of the learned judge of the Circuit Court who entered

the decree dismissing the bill. The case comes within a well-known class of inventions of a minor character, relating to the combination of mechanical details, as to which the demonstration whether or not there was any real invention of value depends largely on the practical commercial results. Notwithstanding the patent in suit was issued seven years ago, no machine for practical use has ever been built in accordance with it. We are not required to pass on the question of invention; but, assuming there was an invention at all, it was of that class, under the prior decisions in this circuit, as to which there is barely any room for equivalents. Ford v. Bancroft, 98 Fed. 309, 312, 313, 39 C. C. A. 91; Bradford v. Belknap Motor Company (C. C.) 105 Fed. 63, 64.

One of the elements of the claim in suit is, as we have said, the bars secured and moved in the manner which we have described. The learned judge of the Circuit Court pointed out the instrumentalities used by the respondent in lieu thereof; and he also pointed out that there is, as between the complainant and the respondent, a difference in the method of operation which, in view of the comparatively minor importance of the complainant's invention, if there is an invention, as to which we make no determination, must be regarded as substantial.

The complainant urges on us the rules as to equivalents applied by us in Reece Company v. Globe Company, 61 Fed. 958, 10 C. C. A. 194; but it overlooks our observations on pages 961, 962, and 965 of 61 Fed., pages 199, 198, 201 of 10 C. C. A., which clearly exclude a minor improvement of the kind before us here from the favorable aspect from which we viewed the fundamental and ingenious device in question in the case referred to. On the whole, we adopt the reasoning and the conclusion of the learned judge of the Circuit Court.

The decree of the Circuit Court is affirmed, and the appellee recovers its cost of appeal.