## BOSTON WOVEN HOSE & RUBBER CO. v. PENNSYLVANIA RUB-BER CO.

(Circuit Court of Appeals, First Circuit. July 15, 1908.)

No. 755.

**1. PATENTS (§ 157\*)—CONSTRUCTION OF CLAIMS—PAPER PATENTS.**

The rule applied that in a suit for infringement of a patent for an alleged invention of which no practical use has ever been made, the patent is not entitled to the same breadth of construction which might be warranted by its proved usefulness.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 157.\*]

**2. PATENTS (§ 328\*)—INFRINGEMENT—WHEEL TIRES.**

The Schrader patent, No. 466,577, for improvements in wheel tires, claim 2, construed, and held not infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.\*]

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 156 Fed. 787.

Frederick P. Fish and W. Orison Underwood (Johnson, Clapp & Underwood, on the brief), for appellant.

Bayard H. Christy (George H. Christy, on the brief), for appellee.

Before PUTNAM and LOWELL, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a bill alleging infringement of letters patent No. 466,577, issued on January 5, 1892, on an application filed on December 30, 1890. The second claim only is in issue, as follows:

"2. The combination of the U-shaped tire, the felly, an inflated tube confined by said tire, and an internal clamping device, between which and the felly the U-shaped tire is secured, substantially as set forth."

The Circuit Court dismissed the bill, and the complainant appealed to us.

First of all, it is to be observed that, although the letters patent issued more than 14 years before the filing of this bill, no practical use was ever made of the alleged invention covered by the claim now in issue. Consequently the patent lacks that support coming from public acquiescence which is often of great value, not only in giving support to an alleged invention, but also in justifying a breadth of construction of the patent itself, so that the complainant is subject to the scrutiny and the limitations of the class observed on in our opinion in United States Hog Hoisting Machine Co. v. North Packing & Provision Co. (C. C. A.) 158 Fed. 818, and in the cases there cited, and in Deering v. Harvester Works, 155 U. S. 286, 295, 15 Sup. Ct. 118, 39 L. Ed. 153. Aside from that, however, we are unable to give the claim in issue such a construction as would embrace within it the respondent's device.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The claim before us names six elements: (1) The U-shaped tire; (2) the felly; (3) an inflated tube; (4) the inflated tube confined by the tire; (5) the internal clamping device; and (6) the location of the clamping device in such manner that the U-shaped tire is secured between it and the felly. Two additional elements are involved in the words "substantially as set forth." The first of these is the fact that the clamping device makes a complete circle, longitudinally with the tire, wholly around the wheel, and the second is that, on a transverse line, the clamping device is crowned, or, as described in the specification, convexed. All the parts are seen in the drawing, Fig. 5, as follows:

Very likely, however, it may be that this crowning is not an essential element, but only a preferable one, and therefore we will make no further observation in regard to it. There has been much discussion with reference to the question whether, in the contemplation of the inventor, the U-shaped tire means a hard rubber tire—that is, one permanently shaped—or whether it means, or may be replaced by, a flexible tire, or outside shell for the tire. The specification describes a modification showing such a flexible covering, or "strip," in the place of what is called therein "the formed tire." Inasmuch, however, as we are concerned only with the second claim, we do not perceive that we are interested in this modified method of construction. It seems to have no bearing whatever, except that it strengthens the conclusion, which we otherwise reach, that for holding together the parts of his mechanism the patentee relies on the clamping device, and not on any inherent holding ability of the horseshoe ends of the U-shaped tire.

The case, however, comes down to the first element, which we have described as covered by the words "substantially as set forth." It is shown by the specification that, in order to hold the parts firmly together, the clamping device, or the plate, as it is sometimes called, must be continuous around the entire circumference of the wheel, and so arranged that the ends can be drawn together, thus rigidly fastening the tire to the felly. This is a positive element in the complainant's device which is lacking in that of the respondent, so that it is impossible to charge infringement.

The specification puts this in such a positive manner that we cannot waive it for the benefit of any rule whatsoever with regard to equivalents. It first says:

"I preferably convex the plate transversely, so as to stiffen the same when tension is applied, as it will be understood that this band [meaning the clamping device] extends completely around the wheel, and the two ends are secured together, thus making a rigid fastening for the tire."

The specification continues that the band may be made in sections; but even in this connection it intensifies by implication what we have

already referred to, in that it says that the sections "can be provided with a like number of securing and tightening devices." It proceeds at considerable length to describe the mechanism by which the two ends of the band, as it is called in this part of the specification, may be conveniently and firmly drawn together longitudinally, so as to make sure "the rigid fastening for the tire" to which we have already referred. Indeed, of the specification 45 lines relate to the explanation of the fact that the clamping device is a band extending longitudinally entirely around the wheel, with its ends drawn together by the mechanism described, so that, by tightening, the tire shall be rigidly secured to the felly.

It is true that, after all this, the specification suggests that the tire may be inflated by simply forcing air under pressure into the space between the band and the tire; that is, between the clamping device and the tire. It is understood, however, that this has never been successfully accomplished and is an impracticable suggestion; but it is enough for our purposes that nothing of this character is involved in claim 2.

In lieu of this continuous clamping device, the respondent relies on such a construction of the U-shaped tire that, in connection with the inflation to which it may be subjected in the respondent's method of construction, it holds itself in place without the continuous band. It is true that at certain intervals, following each other around the respondent's wheel, he has staybolts, or lugs, extending transversely from one of the horseshoe ends of the U-shaped tire to the other, which re-enforce the tendency of the tire to maintain itself in position. It cannot be doubted that, under some conditions with reference to an invention of the character involved here, the field of equivalents would be so broad that these staybolts might be held to infringe; but, under the circumstances which we have explained, we are compelled to agree with the conclusion reached by the Circuit Court.

The decree of the Circuit Court is affirmed, and the appellee recovers its costs of appeal.