AMERICAN SURETY CO. OF NEW YORK v. NORTH PACKING & PROVISION CO.

(Circuit Court of Appeals, First Circuit. May 11, 1910.)

No. 855.

APPEAL AND ERROR (§ 383*)—SUPERSEDEAS BONDS—EXTENT OF LIABILITY—"ANSWER ALL DAMAGES AND COSTS."

An appeal bond, operating as a supersedeas, given on appeal from a decree in equity which directs the payment of money from the appellant to the appellee, conditioned as required by Rev. St. § 1000 (U. S. Comp. St. 1901, p. 712), and in accordance with rule 29 of the Supreme Court (3 Sup. Ct. xvi) and rule 13 of the Circuit Court of Appeals (150 Fed. xxviii, 79 C. C. A. xxviii), to "answer all damages and costs" if appellant fails to make its appeal good, covers the amount of the decree appealed from, as well as damages for delay and costs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2042–2048; Dec. Dig. § 383.*

For other definitions, see Words and Phrases, vol. 1, p. 834; vol. 8, p. 7592.]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by the North Packing & Provision Company against the American Surety Company of New York. Judgment for plaintiff, and defendant brings error. Affirmed.

J. Fred Farrell (Michael F. Farrell, on the brief), for plaintiff in error.

Harrison F. Lyman (Fish, Richardson, Herrick & Neave, and F. Winchester Denio, on the brief), for defendant in error.

Before COLT and LOWELL, Circuit Judges, and DODGE, District Judge.

DODGE, District Judge. The plaintiff in error was surety on the appeal bond given by the United States Hog Hoisting Machine Com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany to perfect its appeal from the decision of the Circuit Court to this court in a suit in equity brought by it against the North Packing & Provision Company. The Circuit Court dismissed its bill, and also ordered in the final decree that it pay the defendant $1,087.35 as costs of suit. The appeal bond, approved by the Circuit Judge at the time the appeal was allowed, on March 19, 1907, was in the sum of $1,500, conditioned that the plaintiff in error should "prosecute its appeal to effect, and answer all damages and costs if it fail to make its appeal good."

The result of the appeal was that this court affirmed the decree of the Circuit Court and ordered that the appellee recover its costs of appeal. 158 Fed. 818, 86 C. C. A. 78. A mandate issued accordingly on May 7, 1908, in which the costs of appeal were taxed at $20. The Circuit Court entered a final decree after mandate September 10, 1908, affirming its original decree, and ordering complainant to pay the defendant the $1,087.35, therein awarded as costs, with $20 costs of appeal and $5 further costs in the proceedings after mandate—in all, $1,112.35.

Execution issued in pursuance of this decree having been returned unsatisfied, and due notice having been given to the Surety Company, the North Packing & Provision Company sued it on the appeal bond in the Circuit Court. At the trial it set up the defense that the only liability incurred by it upon breach of the condition of the bond was for $25, being the costs in this court and in the Circuit Court after the mandate. This amount it claimed to have tendered before suit. The Circuit Court, refusing so to rule, directed the jury to find that the North Packing & Provision Company was entitled to recover $1,112.35, with interest, and the verdict was rendered accordingly. The Surety Company excepted, and brought this writ of error.

We have no doubt that the refusal and the ruling which the Surety Company claims to be erroneous were right. The appeal, as is not denied, operated as a supersedeas and stayed execution. This result could not have been obtained without security that the appellant should answer all damages and costs if its appeal proved unsuccessful. Rev. St. U. S. § 1000 (U. S. Comp. St. 1901, p. 712); Supreme Court rule 29 (3 Sup. Ct. xvi); rule 13 of this court (150 Fed. xxviii, 79 C. C. A. xxviii). Both the rules referred to further require that, where the decree appealed from is for the recovery of money not otherwise secured, the security must be "for the whole amount of the decree, including just damages for delay, and costs and interest on the appeal." The obligors, in executing the bond, bound themselves to nothing less than the rules require. If there could ever have been any question as to the construction, for the present purpose, of the statutory provisions, or of the rules, or of a bond like this, given in compliance with them, the doubt has long since been settled. In deciding Rosenstein v. Tarr, 51 Fed. 368, 370, the Circuit Court for the District of Massachusetts said in 1892:

"There is no doubt that a supersedeas bond, conditioned according to the statute for prosecuting an appeal with effect and answering all damages and costs, covers not merely compensation for the delay arising from the appeal,

but also the amount of the decree appealed from, so far as the latter directs the payment of money by the appellant to the appellee."

By the "decree appealed from" the defendants who appealed from it had been directed to pay damages, interest, and costs. The appeal had failed, and a suit on the appeal bond, the condition whereof was the same as in the present case, was the case before the court. One of the questions to be determined was whether or not the entire amount ordered to be paid by the decree below should be included in the amount for which execution was to issue against the sureties. This question the court decided as above, and on appeal to this court (Tarr v. Rosenstein, 53 Fed. 112, 3 C. C. A. 466) the decision and the reasons given for it were approved. Later decisions upon the same question by other Circuit Courts of Appeals are to the same effect. Davis v. Patrick, 57 Fed. 909, 911, 6 C. C. A. 632. Wood v. Brown, 104 Fed. 203, 206, 43 C. C. A. 474. See, also, Egan v. Chicago, etc., Railway Company (C. C.) 163 Fed. 344, 350. We are unable to find in the cases cited, or in the arguments urged on behalf of the Surety Company, any support whatever for a different construction of this bond.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers its costs of appeal.