# BANKERS SURETY COMPANY *v.* SECURITY TRUST COMPANY.

---

BONDS; PRINCIPAL AND SURETY; APPEAL AND ERROR.

A surety on a supersedeas bond given on appeal from a money judgment, and conditioned upon the prosecution of the appeal to effect, and the

appellant's payment of all damages and costs if he fail to make good his plea, is liable, upon affirmance, for the amount of the judgment, although no effort has been made to enforce it, and the appellant's assets have not been impaired since appeal. (Citing *Fulton* v. *Fletcher*, 12 App. D. C. 4).

No. 2440.   Submitted November 8, 1912.   Decided December 2, 1912.

HEARING on appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on a verdict directed by the court in an action on a supersedeas bond in which the appellant was surety.                                      *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment, under the 73d rule, in the supreme court of the District in favor of the appellee, Security Trust Company, a corporation. The suit having been on a supersedeas bond in which the appellant, the Bankers Surety Company, a corporation, was surety.

The appellee obtained judgment in the supreme court of the District against the La Normandie Hotel Company, a corporation. That company took an appeal to this court, the appellant becoming surety on the supersedeas bond. The condition of the bond was that if the said "La Normandie Hotel Company shall prosecute its said appeal to effect, and answer all damages and costs, if it shall fail to make good its plea, then this obligation shall be void; otherwise the same shall be and remain in full force and virtue." The judgment was affirmed in this court. A fieri facias was caused to be issued and demand made upon the hotel company, but the judgment was not paid. Thereupon this suit was commenced against the principal and surety on the supersedeas bond. The hotel company answered that the only damages or costs accruing to the plaintiff under the bond were the costs taxed in this court, which had been paid; that the suit was prematurely brought because the plaintiff had made no effort to collect the judgment; that the assets of the company had in no wise been diminished or dissipated since the

taking of the appeal. The answer of the appellant was substantially the same as that of the hotel company. These answers were held to be insufficient, and judgment followed. The surety company alone appealed.

*Mr. William C. Prentiss* and *Mr. John B. Clark* for the appellant.

*Mr. George Francis Williams* for the appellee.

*Mr. Justice* ROBB delivered the opinion of the Court:

In the United States the right of appeal is not dependent upon any principle of the common law or upon any inherent power of one court to review the decisions of another, but is founded solely upon statutes. It goes without saying, therefore, that he who would enjoy the right conferred by the statute must also accept the burdens imposed.

Prior to the establishment of this court, appeals from the supreme court of the District to the Supreme Court of the United States were subject to the rules and regulations governing appeals from the United States circuit courts to the supreme court (12 Stat. at L. 763, chap. 91). Appeals from this court to the supreme court are subject to the regulations formerly applicable to appeals from the supreme court of the District to that court (act of February 9, 1893, sec. 8, 27 Stat. at L. 434, chap. 74). Appeals to this court from the supreme court of the District are governed by rules of court under the provisions of sec. 6 of said act of 1893. Rule 10 of this court provides that no appeal shall operate as a stay of execution or supersedeas unless a bond with surety or sureties is given, "conditioned for the successful prosecution of such appeal." The supreme court of the District, in prescribing the alternative form of this bond, has followed the form of supersedeas bonds in appeals from this court to the Supreme Court of the United States. This is the form really required under our rule. *Fulton* v. *Fletcher,* 12 App. D. C. 4. As this form is the form pre-

scribed by sec. 1000, Rev. Stat. U. S. Comp. Stat. 1901, p. 712,
for supersedeas bonds in appeals from circuit and district courts
of the United States, we may look to the interpretation placed
upon that section for the determination of the question here in
issue.

In *Catlett* v. *Brodie,* 9 Wheat. 553, 6 L. ed. 158, which in-
volved an appeal from the supreme court of the District, the
court ruled that this form of bond was intended to secure pay-
ment of the original money judgment, as well as the damages for
delay. See *Kountze* v. *Omaha Hotel Co.* 107 U. S. 378, 386,
27 L. ed. 609, 612, 2 Sup. Ct. Rep. 911.

In *Babbitt* v. *Finn* (*Babbitt* v. *Shields*) 101 U. S. 7, 25 L.
ed. 820, the suit was on the supersedeas bond, as here, a money
judgment having been obtained in the original suit, which
judgment was affirmed on appeal. Substantially the same de-
fenses were interposed there as here. The court said: "As
between the obligors and obligees all the obligors are principal
debtors, though as between each other they may have the rights
and remedies resulting from the relation of principal and surety.
* * * It is not necessary, in order to charge the sureties
in an appeal bond, that an execution on the judgment recovered
in the appellate court should be issued against the principal.
When they execute the bond they assume the obligation that
they will answer all damages and costs if the principal fails to
prosecute his appeal to effect and make his plea good, from
which it follows that if the judgment is affirmed by the appel-
late court, either directly or by a mandate sent down to the
subordinate court, the sureties *proprio vigore* become liable to
the same extent as the principal obligor." Judgment was there-
fore directed to be given against the surety for the amount of
the original judgment and costs. The interpretation thus placed
upon the language of the bond here in issue has since been
applied in the following cases: *Tarr* v. *Rosenstein,* 3 C. C. A.
466, 5 U. S. App. 197, 53 Fed. 112; *Davis* v. *Patrick,* 6 C. C.
A. 632, 12 U. S. App. 629, 57 Fed. 909; *Louisville, N. A. & C.
R. Co.* v. *Pope,* 20 C. C. A. 253, 46 U. S. App. 25, 74 Fed. 2;

*American Surety Co.* v. *North Packing & Provision Co.* 102 C.
C. A. 258, 178 Fed. 810.

In view of the decisions to which we have referred, we do
not deem further elaboration necessary. Judgment will there-
fore be affirmed, with costs.                         *Affirmed.*