### RICHARDS v. HARRISON et al

(District Court, S. D. Iowa, Ottumwa Division. March 30, 1914.)

#### No. 9–M.

1. EQUITY (§ 415*)—DECREE—DIRECTION OF EXECUTION.

A decree of a federal court of equity for the payment of money is not invalid because it does not in terms direct the issuance of execution, since rule 8 of the new equity rules (198 Fed. xxi) makes all such decrees enforceable by execution.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 932–944, 946, 950, 951; Dec. Dig. § 415.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. Appeal and Error (§ 1234*)—Liability on Supersedeas Bond—Partial Affirmance of Decree.**

A court of equity rendered a decree reviving a judgment against defendants, who were husband and wife, and also decreeing that certain real estate standing in the name of the wife was held by her in trust for her husband, and subjecting it to payment of the judgment. Both appealed, and joined with a surety in the execution of a supersedeas bond in the usual form, conditioned that they should "prosecute said appeal to effect and answer all damages and costs, if they shall fail to make good their plea." The decree with respect to the land was reversed, but so much as revived the judgment against the husband was affirmed. *Held*, that the signers of the bond were liable thereon for the payment of such judgment and costs up to the amount of the penalty named therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4778–4777; Dec. Dig. § 1234.*]

**3. Appeal and Error (§ 1237*) — Liability on Appeal Bond — Summary Remedy.**

The signers of an appeal bond make themselves parties to the suit, and their liability may be enforced by summary proceedings therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4778–4784; Dec. Dig. § 1237.*]

In Equity. Suit by William S. Richards against James Harrison, Hettie W. Harrison, and the Title Guaranty & Surety Company. On motion for judgment on appeal bond. Motion granted.

Chester W. Whitmore, William McNett, and Walter McNett, all of Ottumwa, Iowa, for complainant.

W. H. Keating and James A. Devitt, both of Oskaloosa, Iowa, and Frank M. Lowe, of Kansas City, Mo., for respondents.

SMITH McPHERSON, District Judge. April 29, 1891, Seth Richards obtained a judgment in the district court of Mahaska county, Iowa, against the defendant James Harrison for the sum of $7,586.46, with interest thereon at the rate of 10 per cent. per annum from date, together with the costs of the action; the said judgment being for money borrowed by the said defendant from him, the said Seth Richards. The plaintiff herein succeeded to the rights of said Seth Richards.

This action was originally brought in this court (then the Circuit Court) to revive the said judgment and to subject certain real estate, the title of which was in the wife, Hettie W. Harrison, and for a decree declaring that she held the title to said real estate in trust for her husband, James Harrison, he having no property in his name. After full hearing, this court on March 31, 1910, signed and ordered of record a decree reviving the state court judgment, then aggregating $21,748.48, against James Harrison, and against Hettie W. Harrison for $10,355, and declaring that the real estate held in the name of the wife, Hettie W. Harrison, should be subjected to the payment of the judgment. An appeal was taken to the United States Circuit Court of Appeals for this (the Eighth) circuit, resulting in a majority opinion, filed May 14, 1912, reversing the decree of this court. See Harrison v. Richards, 196 Fed. 770, 116 C. C. A. 394. On October 18, 1912, on rehearing, it was ordered by the Circuit Court of Appeals as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Thereupon this cause came on to be further heard upon the portion of the said petition requesting a modification of the decree of this court as to the said James Harrison. On consideration whereof, it is now here ordered, adjudged, and decreed that said petition for a modification of the decree of this court be and the same is hereby granted, to the extent only that that part of the decree below which renewed the judgment against James Harrison under date of April 29, 1891, in favor of William S. Richards, be and the same is hereby affirmed, without costs to either party in this court; and it is further ordered and decreed by this court that in all other respects the decree of this court in this cause, entered on the 14th day of May, A. D. 1912, be and the same is hereby approved and confirmed."

November 25, 1912, on application of appellants (James Harrison and Hettie W. Harrison), the following order was made by the Circuit Court of Appeals:

"This cause came on to be heard on the motion of appellants for an order to vacate or modify the order of this court entered October 18, 1912. Upon consideration whereof it is now here ordered that said motion be and the same is hereby denied."

All the foregoing is included in the mandate timely filed in this cause in this court.

The bill of complaint in this case pleaded the state court judgment, and included a general and equitable prayer for relief. James Harrison, in one of his assignments of error to the Circuit Court of Appeals, specifically complained of the revival of the state court judgment; it being contended that this court was without power or jurisdiction to revive or renew such judgment. At the time the appeal was prayed for and granted a supersedeas bond was given and filed, and marked "Approved," with the following order indorsed thereon:

"Approved, and when filed to operate as a supersedeas.
                                        "Smith McPherson, Judge."

The bond was in the usual form; the parts now material for consideration being as follows:

"Know all men by these presents, that we, James Harrison and Hettie W. Harrison, as principals, and Title Guaranty & Surety Company, as surety, are held and firmly bound unto William S. Richards in the full and just sum of ten thousand ($10,000.00) dollars, to be paid to the said William S. Richards, his heirs, executors, administrators, or assigns, to which payment well and truly to be made we bind ourselves, our heirs, executors, and administrators, jointly and severally by these presents."

Then the bond recites the pendency of the action, the rendition of the decree, the granting of the appeal, and the issuance of the citation to appear in the said Circuit Court of Appeals. After the foregoing is the following:

"Now, the conditions of the above obligation are such that if the said James Harrison and Hettie W. Harrison shall prosecute said appeal to effect, and answer all damages and costs if they shall fail to make good their plea, then the above obligation to be void; else to remain in full force and virtue. ". . . . . . . . . . . . . . . . . .
                    "James Harrison.
                    "Hettie W. Harrison.
                    "The Title Guaranty & Surety Company,
                            "By Lawrence D. Beechler,
                            "By J. A. Devitt,
                                    "Attorney in Fact."

On the foregoing facts the complainant has filed a motion for a judgment against the said Hettie W. Harrison and the said Title Guaranty & Surety Company for the amount of the bond, with interest thereon from the date of the application for the order.

[1] It seems there was no specific recital in the original judgment of this court for a writ of execution, but I regard that as immaterial because the general rules in equity provide that when the judgment is for the payment of money only it shall be enforced by writ of execution. The Iowa statutes have a like provision. Code 1897, §§ 3954, 3957. And while it is true that ordinarily judgments contain the recital that, if not paid, a writ of execution shall issue therefor, such recital is a mere repetition of that which the law has already pronounced. The method for the enforcement of the judgment is that prescribed by statute and the rules of the court, and such method can neither be enlarged by additional recitals, nor can it be said to be defective because the judgment does not recite the terms and conditions of the law. The Uniformity Statute of 1872 (Act June 1, 1872, c. 255, § 5, 17 Stat. 197 [Comp. St. 1913, § 1537]) makes the state statutes applicable in such a case.

[2] There is a long line of decisions to the effect, generally speaking, that when a case in equity has been carried to an appellate court, followed by a mandate from such court to the trial court, the trial court has no discretion other than to observe and in most instances literally follow the terms of the mandate as to further proceedings. The different views of appellate courts are fully illustrated and covered by the following cases, namely: In re Potts, 166 U. S. 263, 17 Sup. Ct. 520, 41 L. Ed. 994; In re Sanford Fork & Tool Co., 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414, and Gaines v. Rugg, 148 U. S. 228, 13 Sup. Ct. 611, 37 L. Ed. 432. These three cases set at rest every contention that can be made respecting the final action to be taken by a court acting under a mandate from an appellate court. And while there are one or more exceptions to the foregoing rule, as generally stated, the case at bar does not come within any exception. So that we here have a case in which there was a money judgment against both James Harrison and Hettie W. Harrison for different sums, and a decree declaring that the wife, Hettie W., held certain real estate in trust for her husband. An appeal was taken, in which it was claimed that this court was in error. This contention was made both by the petition for appeal and in the assignment of error. The appellate court sustained but the one contention, namely, that the real estate was not held in trust by Hettie W. for her husband, James Harrison. To that extent, and to that extent only, was there a reversal. The judgment of this court in pronouncing a money judgment was not reversed; but there was a distinct order of affirmance as respects that one contention.

The supersedeas bond was a joint and several obligation, signed by both James Harrison and his wife, Hettie W., as well as by the surety company. The bond was conditioned that James Harrison and Hettie W. Harrison " * * * shall prosecute said appeal to effect and answer all damages and costs if they shall fail to make good their plea.

* * *" James Harrison had no interest in the decree against his wife, subjecting the real estate, other than such moral interest that a husband would have in his wife's affairs. But such an interest as that would not have given him the right to appeal. He only had the right to appeal and complain of the judgment and decree of this court because of the revival of the money judgment rendered against him in the state court several years before. On that issue he made complaint by his appeal, and on that contention, in the language of the bond, he did not make his plea good. The bond is conditioned that he shall make that plea good; otherwise, he will be holden in the penalty of $10,000, and both the wife and the surety company became obligors to the complainant herein to the full penalty of the bond.

[3] But it is said that the bond recites, " * * * and answer all damages and costs if they shall fail to make good their plea, * * * ". and it is contended that the complainant has not been damaged. That is technical and specious, and without merit. Wood v. Brown, 104 Fed. 203, 206, 43 C. C. A. 474, by the Circuit Court of Appeals for this circuit, and cases cited. And see American Surety Co. v. North Packing Co., 178 Fed. 810, 812, 102 C. C. A. 258, by the Circuit Court of Appeals for the First Circuit. These sureties made themselves parties to the record, and summary proceedings are in order, without further litigation, and not only allowable, but the correct method of procedure.

The motion for judgment for the amount of the penalty of the bond, with interest thereon, will be sustained, and a judgment accordingly entered; but interest will be allowed only from the time the application for this judgment was filed.